**Thomas J. JOHNSTON, Appellant,**

**v.**

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–144.

United States Court of Veterans Appeals.

June 5, 1998.

Kenneth M. Carpenter, Topeka, KS, was on pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Mary Ann Flynn, Washington, DC, were on pleadings for appellee.

Before KRAMER, IVERS, and GREENE, Judges.

IVERS, Judge:

The veteran appeals from a December 1996 Board of Veterans' Appeals (BVA or Board) decision which concluded that no claim of clear and unmistakable error exists as a matter of law with respect to a March 1988 regional office (RO) rating decision. For the reasons stated below, the Court will affirm the BVA's December 1996 decision.

## I. FACTS

The veteran served on active duty in the United States Armed Services from July 1967 to May 1969. Record (R.) at 2, 10. He was granted a 100% disability rating by VA for post-traumatic stress disorder (PTSD) with depression, effective February 1985. R. at 11. A March 1988 RO rating decision reduced the disability rating to 70% following a routine psychiatric review of the veteran's condition. R. at 10–15. The veteran filed a Notice of Disagreement (NOD) in response to the March 1988 rating decision. R. at 17.

In November 1989, the BVA issued a decision affirming the March 1988 rating decision. R. at 20. The BVA decision framed the issue as, "Entitlement to an increased rating for post-traumatic stress disorder, currently evaluated as 70% disabling." *Id.* The decision noted the reduction of the veteran's rating from 100% to 70% (R. at 21); provided a detailed summary of the veteran's medical attention for his PTSD (R. at 21–24); stated the law regarding disability ratings,

reduction of total (e.g., 100%) disability ratings, and 70% versus 100% disability ratings for PTSD (R. at 24); and evaluated the evidence in light of the requirements for granting both 70% and 100% disability ratings (R. at 25). The BVA determined "that the record clearly warrants the conclusion that there is sufficient and sustained improvement in the veteran's psychiatric status under the ordinary conditions of life." *Id.*

Five years after the BVA decision, in December 1994, the veteran's attorney wrote to VA asserting a claim of clear and unmistakable error (CUE) in the March 1988 rating decision. R. at 33. The RO responded with a December 1994 deferred rating decision stating that the attorney's letter was not a valid claim for CUE, and effectively staying any further decision concerning a disability rating pending receipt of a properly filed claim. R. at 36. The veteran's attorney wrote a letter objecting to the deferred rating decision, characterizing his letter as an NOD and requesting reconsideration by the BVA. R. at 42.

A Statement of the Case (SOC) was issued in February 1995. R. at 47. During the pendency of the appeal to the BVA, the RO issued another deferred rating decision, declaring the December 1994 deferred rating decision to be erroneous. R. at 54. The new deferred rating decision noted that the March 1988 rating decision was affirmed by and "incorporated into" a BVA decision (November 1989), that the RO had no authority to overturn an appellate decision, and that the veteran would have to direct any CUE appeal to the BVA. *Id.*

Another SOC was issued in July 1995, documenting the changed information in the RO deferred rating decision. R. at 66. The BVA ultimately decided, in the December 1996 decision now before this Court, that no claim of CUE existed with respect to the March 1988 RO rating decision because that decision was subsumed by the November 1989 BVA decision. R. at 4.

## II. ANALYSIS

### A. Subsuming of RO Decision by BVA Decision

■ "[N]o claim of [CUE] under 38 C.F.R. § 3.105(a) exists as a matter of law with respect to [an] A[gency of] O[riginal] J[urisdiction] decision" where that decision "was appealed to and affirmed by the Board *and thus subsumed by the Board's decision* [.]" *Duran v. Brown,* 7 Vet.App. 216, 224 (1994)(emphasis added); *see also* 38 C.F.R. 20.1104 ("When a determination of the [AOJ] is affirmed by the Board ..., such determination is subsumed by the final appellate decision.")

■ In the present case, the veteran filed a timely NOD to appeal his March 1988 RO rating decision. R. at 17. The rating decision was affirmed by the BVA in a November 1989 decision. R. at 20–26. The March 1988 rating decision, therefore, having been "appealed to and affirmed by the Board," was seemingly subsumed by the 1989 Board decision. *See Duran, supra.* The veteran, though, seeks to establish an exception to the subsuming rule, based on the Board's statement of the issue in its 1989 decision.

The 1989 BVA decision framed the issue on appeal as entitlement to an *increased* rating instead of whether the RO *reduction* of the veteran's rating from 100% to 70% was correct. R. at 20. Nonetheless, the Board concluded the Law and Regulation section of its decision by paraphrasing and citing 38 C.F.R. § 3.343(a), the regulation for reducing a total disability rating. R. at 24.

The Board immediately followed its reference to 38 C.F.R. § 3.343(a) with the Discussion and Evaluation portion of its decision. R. at 25. This section began with an acknowledgment that the veteran's argument on appeal was that his 100% rating should not have been reduced to a 70% rating. *Id.* The Board discussed the evidence concerning the veteran's psychological condition, for which his rating had been reduced, and determined that "the record clearly warrants the conclusion that there is sufficient and sustained improvement in the veteran's psychiatric status under the ordinary conditions of life." *Id.* This conclusion comports with the 38 C.F.R. § 3.343(a) requirement that a documented improvement in mental condition be evaluated with particular attention "to whether the veteran attained improvement under the ordinary conditions of life."

The misstatement of the issue by the BVA in its 1989 decision does not negate the content of the decision, which analyzed whether reduction of the veteran's disability rating was proper. The contention by the veteran that the March 1988 RO decision was not subsumed by the 1989 BVA decision because of the misstatement of the issue in the latter is rejected because the substance of the BVA decision was on point.

B. CUE in the 1989 BVA Decision

The Secretary contends that the 1996 BVA decision now before the Court must be remanded, pursuant to *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), because of the enactment of Pub.L. No. 105–111. That new law has been codified as 38 U.S.C. § 7111, and permits CUE challenges to BVA decisions.

As noted in *Carpenter v. West*, 11 Vet.App. 140, 144 (1998), "the new section 7111 does not on its face apply unless the claimant has already submitted to VA a claim of CUE in a prior BVA decision." Here, as in *Carpenter*, the veteran specifically raised CUE only as to the March 1988 RO rating decision. No claim of CUE in the 1989 BVA decision has been submitted to VA, much less decided by the Board.

■ This Court does not have jurisdiction to consider a matter not previously decided by the BVA. *See* 38 U.S.C. § 7252. "This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law." *Archbold v. Brown*, 9 Vet.App. 124, 130 (1996) (citations omitted).

### III. CONCLUSION

Following consideration of the record and the veteran's and the Secretary's briefs, the Court holds that the veteran's claim of CUE in the March 1988 RO rating decision is void because that rating decision was subsumed in the 1989 BVA decision. The December 1996 BVA decision is AFFIRMED.