Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210722-174162
DATE: October 29, 2021

ORDER

A revision of the November 2018 rating decision, denying a temporary total evaluation for a service-connected condition requiring convalescence or hospitalization, based on clear and unmistakable error is dismissed as a matter of law.

FINDINGS OF FACT

1. In February 2019, the Veteran submitted a valid and timely VA Form 10182, Decision Review Request: Board Appeal, to the November 2018 rating decision, denying a temporary total evaluation for a service-connected condition requiring convalescence or hospitalization. 

2. The February 2019 VA Form 10182 has been adjudicated in an October 2021 Board decision. The Board decision subsumes the November 2018 rating decision. 

3. There remain no allegations of errors of fact or law for appellate consideration with respect to the claim of clear and unmistakable error in the November 2018 rating decision.

CONCLUSION OF LAW

The November 2018 rating decision denying a temporary total evaluation is not final. 38 U.S.C. § 7105; 38 C.F.R. § 3.104, 20.203, 20.1103, 3.2400 (2019).

The Board having no issues of law or fact to decide in the issue, the appeal of the issue of clear and unmistakable error in the November 2018 rating decision denying entitlement to a temporary total disability is dismissed. 38 U.S.C. § 7105; 38 C.F.R. § 20.1104 (2021). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 1965 to July 1968.

The rating decision on appeal was issued in January 2021 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the July 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board understands that this appeal stream based on CUE in the November 2018 rating decision arose after an erroneous letter from VA was issued notifying the Veteran that it could not accept a February 2019 VA Form 10182 notice of disagreement because the legacy appeals process applied to decisions issued prior to February 19, 2019, even though the Veteran had opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form. In a separate Board decision issued recently under Docket No. 190227-188739, the Board explained that, upon review, the Board reopened the appeal stream initiated by the February 2019 VA Form 10182. At that time, the Board adjudicated the appeal of the November 2018 rating decision on its merits.

 

1. A revision of the November 2018 rating decision, denying a temporary total evaluation for a service-connected disability requiring convalescence or hospitalization, based on clear and unmistakable error.

In December 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, asserting clear and unmistakable error (CUE) in the November 2018 rating decision. The November 2018 rating decision denied the assignment of a temporary total evaluation for a service-connected disability requiring convalescence or hospitalization. For the reasons stated below, there are no issues of law or fact to resolve as to the CUE claim. Therefore, the claim is dismissed.

An assertion of CUE is a collateral attack on an otherwise final decision by the VA Regional Office (RO) or Board of Veterans Appeals (Board) decision. Smith v. Brown, 35 F.3d 1516, 1527 (Fed. Cir. 1994). CUE is a very specific and rare kind of "error." It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). The standard for finding CUE is significantly more burdensome to a veteran than the standard for establishing entitlement in the first instance.

In this case, a March 2018 rating decision adjudicated under the legacy appeals system that was in effect prior to February 19, 2019, denied entitlement to a temporary total disability rating based on treatment for a service-connected condition requiring convalescence or hospitalization. In August 2018, the Veteran filed a notice of disagreement under the legacy system. At that time, the Veteran also opted into the Rapid Appeals Modernization Program (RAMP), the program available to veterans to enable them to participate in the modernized appeal system prior to the effective date of the AMA. The Veteran elected the Higher-Level Review (HLR) process in his RAMP election form.

In November 2018, the RO issued an HLR rating decision. This decision is the subject of the CUE claim. In February 2019, after the effective date of the AMA, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal, selecting the Direct Review docket. The Board adjudicated the appeal in a decision in October 2021 under Docket No. 190227-188739.

When an RO decision is appealed to and affirmed by the Board, a claimant may not collaterally attack the RO decision because it has been "subsumed" by the Board's decision. See 38 C.F.R. § 20.1104. See also Brown v. West, 203 F.3d 1378, 1381 (Fed. Cir. 2000); Duran v. Brown, 7 Vet. App. 216, 224 (1994); accord, Johnston v. West, 11 Vet. App. 240, 241 (1998). In that case, the Veteran must challenge the Board decision that subsumed the RO decision.

Here, because the Veteran appealed the November 2018 rating decision and the Board adjudicated the appeal, the November 2018 rating decision cannot be revised on the basis of CUE. The Veteran must, instead, seek revision of the Board decision. Accordingly, there are no issues of law or fact to be decided in this matter, and the claim is dismissed. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.105, 20.1104.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Rocktashel, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.