**George A. GUIMOND, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1092.

United States Court of Veterans Appeals.

Dec. 8, 1993.

Vincent A. Wenners, Jr., Manchester, NH, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, DC, were on the pleadings for appellee.

Before MANKIN, HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge:

Appellant, George A. Guimond, appeals an April 30, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which determined that "new and material" evidence had not been submitted to reopen a claim of service connection for residuals of frostbite involving the feet. The Court will affirm the decision of the BVA.

## BACKGROUND

Appellant, a World War II veteran, had active service from February 1941 to September 1945. Appellant was assigned to a field artillery unit as a surveyor. In December 1944, he was stationed in the Ardennes. Appellant contends that during that month he was forced to live continuously outside without any access to shelter and suffered a frostbite injury to his feet. On January 15, 1945, he became ill and was taken to a field hospital for treatment. Appellant contends that the field doctor noted the condition of appellant's feet; however, there is no record of treatment for frostbite. Appellant later complained of foot pain, and was diagnosed with pes planus. In October 1945, the Veterans' Administration (now the Department of Veterans Affairs) (VA) regional office (RO) granted him a 10% disability rating for pes planus.

In April 1967, appellant was hospitalized at the Manchester VA medical center with numerous complaints. He claimed, for the first time, that he developed frostbite during the Battle of the Bulge in 1944 and fallen arches in the spring of 1945, and that his feet had been painful ever since. After an examina-

tion, appellant was diagnosed with minimal first degree pronation, with no muscle spasm or tenderness demonstrated in either his feet or lower legs. Thereafter, whenever appellant received physical examinations, he complained of residuals of frostbite incurred during the Battle of the Bulge. In one such instance, a private neurologist (in October 1986) concluded that appellant's history of cold exposure could account for some of his testing results.

In February 1988, appellant initiated a claim of service connection for residuals of frostbite. The VARO issued a rating decision in February 1988, which denied appellant's claim, noting that no observation of or treatment for frostbite was recorded in appellant's service medical records. This rating decision was not appealed and became final.

In July 1990, appellant requested that his claim be reopened. He later submitted an August 8, 1990, physical therapy report, which diagnosed him with "tight ligaments around ankle after frostbite," and evidence of anterior tibial occlusion and posterior tibial disease on the right. In November 1990, the VARO again denied his claim. On November 30, 1990, appellant submitted a Notice of Disagreement with the VARO's decision.

In December 1990, Dr. R. Gan, a VA neurologist who had treated appellant, submitted a statement in which he stated that appellant had related to him a history of frostbite during service. Dr. Gan concluded that as a result of such frostbite, appellant could have suffered small nerve fiber damage in his feet. Other evidence submitted since the February 1988 rating decision includes private medical records from September 1991, VA medical records from August 1988 through January 1992, and appellant's testimony at his personal hearing. None of the other current medical reports attributes appellant's foot disability to residuals of frostbite. Appellant also resubmitted service, VA, and private medical records. On April 30, 1992, the BVA determined that although appellant had submitted "new" evidence to reopen his claim, that evidence was not "material," and therefore, denied reopening appellant's claim. The Board noted that Dr. Gan had submitted a state-

ment which cited to appellant's history of frostbite as having possibly caused small nerve fiber damage to appellant's feet. However, the Board did not find appellant's recitation of his frostbite injury, upon which Dr. Gan relied, to be credible and rejected Dr. Gan's opinion. Specifically, the Board stated:

> However, the physician's [Dr. Gan's] opinion is based upon the appellant's history of frostbite during active duty. This history as related by the appellant is repetitious. The appellant has not submitted any documentation, other than his own statements and hearing testimony, which shows that he had frostbite during active duty which resulted in chronic residual disability. His statements and hearing testimony are not credible and are not believable, because they are rebutted by service medical records, early post service medical records, and recorded clinical data in early post service medical records which showed that he had nothing resembling residulas [sic] of frozen feet during service or in the early post service years. They likewise contain no reference to a cold injury to the feet in service. This is first reported during VA hospitalization in Arpil [sic] 1967, more than 20 years after service.

*George A. Guimond*, BVA 92–10315, at 6 (Apr. 30, 1992).

### ANALYSIS

After first reviewing all the evidence, both old and new, the Board determined that appellant's newly submitted evidence was not "material," and denied his claim. In essence, the Board applied the two-part test established by the Court in *Manio v. Derwinski*, 1 Vet.App. 140 (1991) in reverse. Although the Board misapplied the *Manio* test, the Court will hold that its denial of service connection was harmless error in this case.

 Pursuant to 38 U.S.C.A. § 7104(b) (West 1991), once the BVA considers and upholds the denial of a claim, it cannot subsequently reopen and allow that claim if it is based upon the same factual basis. The exception to this rule is 38 U.S.C.A. § 5108 (West 1991), which provides that the Secretary must reopen a claim if "new and materi-

al" evidence is presented with respect to that claim. In *Manio,* the Court set forth a two-part test for determining whether evidence is "new and material" for purposes of reopening a claim. The BVA must first determine whether the newly submitted evidence is "new and material." *Id.* at 141. If the evidence is "new and material," the case must be reopened and the Board must evaluate appellant's claim in light of all the evidence, both old and new. *Id.* "New" evidence is "that which is not merely cumulative of other evidence of record." *Cox v. Brown,* 5 Vet. App. 95, 98 (1993). "Material" evidence is relevant to and probative of the issue at hand, and of sufficient weight and significance that there is a reasonable possibility that the new evidence, when considered in light of all the evidence, would change the outcome. *Id.; see Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Whether evidence submitted to reopen a previously disallowed claim is "new and material" under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo. *See Colvin,* 1 Vet.App. at 174; *Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992). The newly submitted evidence consists of the August 8, 1990, physical therapy report; Dr. Gan's statement; private medical records from September 1991; VA medical records from August 1988 through January 1992; and appellant's testimony at his personal hearing.

■ The Board found the new evidence not to be "material" and therefore purported not to reopen the claim. Arguably, appellant's newly submitted evidence was "new and material." However, even if this evidence is "new and material," when the action of the Board is examined for what it did "in fact," it is clear that the claim was to all intents and purposes reopened and readjudicated. The new evidence was considered in context with all the old evidence and, just as important, the old evidence was reexamined in light of the new evidence. The evil pointed to in *Justus v. Principi,* 3 Vet.App. 510 (1992), i.e., weighing and evaluating new evidence in a vacuum, was avoided here. *See id.* at 513. Dr. Gan's opinion was considered and rejected in light of all the evidence. The Board gave a plausible reason for rejecting his opinion—that it was based entirely on the credibility of the history given to Dr. Gan by the appellant. *See Reonal v. Brown,* 5 Vet. App. 458, 459–61 (1993). The BVA gave plausible and sufficient reasons for rejecting appellant's credibility. In short, there was a complete and thorough fact finding by the Board based on all the evidence. If reopening means, as it most assuredly does, reconsideration of a claim based on a fresh evaluation of *all* the evidence, old and new, then this was a reopening. It would elevate form over substance to remand this appeal to the Board to do that which it has already done. The factual findings of the Board are plausible.

The April 30, 1992, decision of the BVA is AFFIRMED.