**Jack D. MORRIS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 96–1013.

United States Court of Appeals for Veterans Claims.

Oct. 12, 1999.

Robert A. Laughlin, was on the brief, for the appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Jaqueline M. Sims, Senior Appellate Attorney, were on the brief, for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

NEBEKER, Chief Judge:

This Court issued a panel opinion in the instant case on August 20, 1999, pursuant to a timely motion for decision by a three-judge panel. U.S. VET. APP. R. 35(b). In that motion, the appellant argued that the initial disposition of the case, by a May 6, 1999, memorandum decision, misinterpreted 38 C.F.R. § 20.1104 (1998), and incorrectly relied on *Donovan v. West,* 158 F.3d 1377 (Fed.Cir.1998) and *Dittrich v. West,* 163 F.3d 1349 (Fed.Cir.1998), in reaching its conclusion that *Donovan* and *Dittrich* controlled the disposition of this appeal. Because the instant case presented a slightly different fact situation from those in *Donovan* or *Dittrich,* the Court granted the appellant's motion for decision by a three-judge panel, withdrew its May 6, 1999, memorandum decision, and issued the August 20, 1999, panel opinion in its stead. The Court now withdraws the August 20, 1999, panel opinion and substitutes this opinion in its place. The Court notes that the result in this opinion does not differ markedly from that in the May 6, 1999, memorandum decision or the August 20, 1999, panel opinion.

This appeal arises from an April 19, 1996, Board of Veterans' Appeals (BVA or Board) decision denying an effective date earlier than May 5, 1987, for an award of service connection and compensation for schizophrenia. The appellant asserts clear and unmistakable error (CUE) in a 1966 regional office (RO) decision as the basis for the earlier effective date. In a 1988 decision, the BVA found no error in the 1966 RO action, and, in the BVA decision now on appeal, the BVA concluded that the RO action was subsumed in the 1988 BVA decision. Upon consideration of the pleadings of the parties and a review of the record on appeal before this Court, it is the holding of the Court that the appellant has not demonstrated that the 1996 BVA decision contains either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). For the following reasons, the decision of the BVA will be affirmed.

The appellant served in the United States Army from July 31, 1964, to October 6, 1964. Record (R.) at 10. He did not appeal the denial of his original claim for service connection and compensation in May of 1966, and the RO's decision became final. R. at 49, 82–93. In 1983, the appellant began a series of abortive attempts to reopen his claim, which culminated in the BVA's twice denying his claims for service connection in 1988 and 1990. R. at 239, 491. The BVA determined that the appellant suffered from a psychiatric disorder which had existed prior to service but found no evidence of schizophrenia. *Id.* Between 1983 and 1990, the appellant submitted substantial documentation in support of his requests to reopen his claim (R. at 519), including lay statements (R. at 129–38), VA and private medical reports (R. at 272, 304), and private psychiatric evaluations (R. at 417). In March 1992, this Court vacated the 1990 BVA decision and remanded the matter to the BVA, *Morris v. Derwinski,* 2 Vet.App. 340 (1992) (table), holding that "the Board erred when it failed to provide adequate reasons or bases for its rejection of two physicians' statements that the [appellant] was misdiagnosed in service," R. at 531–32. In 1993, subsequent to remand, considering all of the evidence of record, the BVA determined that sufficient evidence had been submitted to reopen the claim and

granted service connection for schizophrenia. R. at 518.

The 1966 RO decision was final, and the appellant could not reopen it without submitting new and material evidence. *See* 38 U.S.C. §§ 7104(b), 5108. An effective date for a reopened claim based on new and material evidence is the date of receipt of the new claim or the date the entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(q)(1)(ii) (1998). On remand, the BVA found that the RO's receipt of material from the appellant on May 5, 1987, represented a reopening of his claim and thus established that as the effective date. R. at 4–5. The appellant is arguing, essentially, that CUE associated with the 1966 RO decision warrants an earlier effective date.

■ In support of his claim for CUE, the appellant argues, inter alia, that (1) the May 1966 RO decision was not subsumed by the 1988 BVA decision; (2) the BVA's 1996 decision was arbitrary, capricious, and an abuse of discretion; (3) the statutory presumption of soundness was ignored in the May 1966 RO decision; and (4) the correct facts, as now known, were not before the RO in 1966. In support of his first argument, the appellant relies on 38 C.F.R. § 20.1104, which "gives rise to the 'subsumed' doctrine." Appellant's Brief (Br.) at 10. He argues that since the "1966 rating decision was *not affirmed* by the 1988[BVA] decision [it was] not subsumed." Appellant's Br. at 10. He argues, in essence, that specific words affirming the RO's action are necessary to satisfy 38 C.F.R. § 20.1104, which states:

> When a determination of the agency of original jurisdiction is affirmed by the Board of Veterans' Appeals, such determination is subsumed by the final appellate decision.

Recent decisions by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) concerning, inter alia, the application of section 20.1104 are dispositive of the appellant's argument. In *Donovan v. West, supra,* the Federal Circuit considered a situation in which a final, unappealed rating decision was reopened and adjudicated on the merits by the BVA. The court held that an unappealed 1947 RO decision, subsequently reviewed de novo on the merits by the BVA in 1988, was subsumed by that BVA decision and, thus, not subject to a claim of CUE as a matter of law. *Id.* at 1381–82, *aff'g Donovan v. Gober,* 10 Vet.App. 404, 408–09 (1997). Similarly, in *Dittrich v. West, supra,* the Federal Circuit affirmed the BVA's dismissal where a 1969 BVA decision reopened and fully readjudicated the same claim that was the subject of a 1960 rating decision. *See id.* at 1353.

Unlike *Donovan* and *Dittrich,* in the instant case the BVA, in 1988, did not formally reopen the appellant's 1966 final rating decision. R. at 243. However, in its 1988 decision, the BVA sufficiently addressed all the evidence of record and made, essentially, a merits determination. R. at 240–43. Therefore, "when the action of the Board is examined for what it did 'in fact,' it is clear that the claim was to all intents and purposes reopened and readjudicated. The new evidence was considered in context with all the old evidence and, just as important, the old evidence was reexamined in light of the new evidence." *See Falzone v. Brown,* 8 Vet.App. 398, 404 (1995) (citing *Guimond v. Brown,* 6 Vet. App. 69, 72 (1993)). Thus, as a matter of law, this Court must conclude that the 1966 RO decision was subsumed by the 1988 BVA decision. *See Falzone, Dittrich,* and *Donovan,* all *supra.* Accordingly, the BVA's decision in 1996, that the 1966 RO decision could not be reviewed, was not erroneous.

■ The appellant's second argument asserts an abuse of discretion by the BVA in the 1996 decision. *See* 38 U.S.C. § 7261(a)(3)(A); *Russell v. Principi,* 3 Vet. App. 310, 315 (1992) (en banc) (BVA decision on the existence of CUE in final RO adjudication must determine whether BVA decision was "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law . . . ."). The appellant maintains that at the time of the 1966 RO decision evidence existed which demonstrated that he suffered from schizophrenia. In support of this position, the appellant heavily relies on a particular passage from a 1992 report by an independent psychiatrist, Dr. Neil B. Edwards. This report incorporates by reference a 1965 report by a treating VA physician, Dr. Robert Q. Christiansen. Both reports qualify their assessment of the appellant as "possibly" suffering from, inter alia, schizophrenia. R. at 44, 511; Appellant's Br. at 11. The appellant is relying on a speculative diagnosis and has not shown that the result would have been manifestly different but for that error. *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993). While finding that the RO's 1966 action had been subsumed in a 1988 BVA decision, the Board in its 1996 decision addressed the merits of the appellant's CUE argument. The BVA was not arbitrary and capricious in its conclusion that the existence of the 1965 report did not constitute CUE in the 1966 RO decision.

The appellant's third argument is that in denying the appellant's claim the May 1966 RO decision ignored the statutory presumption of soundness, and that the failure to acknowledge the statutory presumption of soundness constitutes CUE. Appellant's Br. at 13–16. As discussed above, the 1966 RO decision was subsumed by the 1988 BVA decision, and, thus, standing alone, the 1966 RO decision is unassailable. *See Donavan, supra; see also* Revision of Veterans' Benefits Decisions Based on Clear and Unmistakable Error Act (CUE Act), Pub.L. No. 105–111, § 1(b)(1), 111 Stat. 2271, 2271–72 (1997) (codified at 38 U.S.C. § 7111). Therefore, no claim of CUE exists as a matter of law with respect to the 1966 RO decision. Nonetheless, assuming the Court could reach the appellant's argument, the Court holds that any error, if it exists, associated with the 1966 RO decision does not rise to the level of CUE.

"[CUE] is the sort of error which, had it not been made, would have manifestly changed the outcome . . . [, an error that is] undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed." *Crippen v. Brown*, 9 Vet.App. 412, 418 (1996); *Russell*, 3 Vet.App. at 313. A determination that there was CUE in a prior decision must be based on the record and the law that existed at the time of the prior decision. *Id.* at 314. The 1966 RO decision notes that the appellant's enlistment physical examination "list[ed] no disqualifying defects." R. at 46. However, the decision proceeds to acknowledge a "clinical record . . . containing a diagnosis of passive aggressive reaction, chronic, moderate, unchanged, manifested by periods of anxiety and inability to express anger. The Service Department indicated line of duty no existence prior to service." *Id.* Based on the record, extant at the time, the RO concluded that "[t]he passive aggressive reaction which is diagnosed is shown to be in a chronic stage and is indicated to have existed prior to service" and denied service connection. R. at 47. Furthermore, the records which were determinative in ultimately granting service connection were not received by the BVA until May 1987, 21 years after the 1966 RO decision.

The appellant's final argument is that "the correct facts as were known by the Government at the time [of the 1966 RO decision] were not before the [RO] . . . [and, therefore,] in reviewing the factual finding of the 1966 decision, in April, 1996, the [BVA] should have found the prior rating denial was clearly erroneous." Appellant's Br. at 17. In the context of a CUE claim, this Court has held that "[a claimant] must assert more than a disagreement as to how the facts were weighed [by the BVA]." *Mason v. Brown*, 8 Vet.App. 44 (1995) (quoting *Russell*, 3 Vet.App. at 313); *see also Look v. Derwinski*, 2 Vet.App. 157, 162 (1992) (citing *Gil-*

*bert,* 1 Vet.App. at 52 (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))) ("[i]f the [factfinder]'s account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") As stated above, the record before the RO in 1966 consisted of a qualified diagnosis, which, clearly, could have been weighed differently. The fact that it was not is insufficient to demonstrate CUE.

On review of the record on appeal and the pleadings of the parties, the April 19, 1996, decision of the Board is AFFIRMED.