*1293
 
 SCHALL, Circuit Judge.
 

 Jack D. Morris appeals from the decision of the United States Court of Appeals for Veterans Claims that affirmed the 1996 decision of the Board of Veterans’ Appeals (“Board”) that denied Mr. Morris an effective date earlier than May 5, 1987, for an award of service connection for schizophrenia.
 
 Morris v. West,
 
 13 Vet.App. 94 (1999)
 
 (“Morris
 
 ”). We affirm.
 

 BACKGROUND
 

 Mr. Morris served on active duty in the Army from July 31 to October 6, 1964. In January of 1966, he submitted a claim for service connection for a mental condition. The regional office (“RO”) denied the claim in a decision issued May 10, 1966 (the “1966 RO Decision”), and Mr. Morris did not appeal the denial. In 1988, the Board revisited Mr. Morris’ claim and determined that “[a] chronic acquired psychiatric disorder was not incurred or aggravated in service.”
 
 In re Morris,
 
 No. 87-11 982, slip op. at 13 (Bd.Vet.App. Feb. 9, 1988) (“1988 Board Decision”). The Board also determined that new and material evidence warranting the reopening of Mr. Morris’ claim had not been submitted.
 
 Id.
 
 at 14. After several additional attempts to have his claim reopened based on new and material evidence, Mr. Morris was awarded service connection for schizophrenia in 1993, with an effective date of May 5, 1987, the date of his first claim to reopen 'his claim for service connection for a mental condition.
 

 In due course, Mr. Morris filed a claim for an earlier effective date, asserting that the 1966 RO Decision contained clear and unmistakable error (“CUE”). The Board denied the claim, determining that the 1966 RO Decision was subsumed in, and affirmed by, the 1988 Board Decision.
 
 In re Morris,
 
 No. 94-06 408 (Bd.Vet.App. Apr. 19, 1996) (“1996 Board Decision”).
 

 Mr. Morris appealed the 1996 Board Decision to the Court of Appeals for Veterans Claims, which affirmed the decision.
 
 Morris,
 
 slip op. at 5. The court relied on
 
 Donovan v. West,
 
 158 F.3d 1377 (Fed.Cir.1998), and
 
 Dittrich v. West,
 
 163 F.3d 1349 (Fed.Cir.1998), for the proposition that an unappealed RO decision that has been reopened and adjudicated on the merits by the Board cannot be collaterally attacked through a CUE claim.
 
 Morns,
 
 slip op. at 3. The court recognized that the 1988 Board Decision had not formally reopened the 1966 RO Decision, but determined that the Board had “addressed all the evidence of record and made, essentially, a merits determination.”
 
 Id.
 
 at 3. The court concluded that the 1966 RO Decision was subsumed in the 1988 Board Decision and, therefore, was immune from CUE challenge.
 
 Id.
 
 at 4. Mr. Morris appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(a) (Supp. IV 1998).
 

 DISCUSSION
 

 I.
 

 Our jurisdiction with respect to a decision of the Court of Appeals for Veterans Claims is limited to review of the validity of any statute or regulation, or any interpretation thereof, upon which the court relied in making its decision. 38 U.S.C. § 7292(a). We do not have jurisdiction to review a factual determination or an application of a law or regulation to the facts unless a constitutional issue is presented. 38 U.S.C. § 7292(d)(2) (1994). We will set aside any interpretation of a law or regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1) (Supp. IV 1998).
 

 Mr. Morris challenges the decision of the Court of Appeals for Veterans Claims on two grounds. First, he argues that the court abused its discretion when it failed to order a remand to the Board in view of the enactment of 38 U.S.C. § 7111 in Novem
 
 *1294
 
 ber of 1997, while his appeal was pending. Second, he contends that the court abused its discretion when it did not vacate the 1996 Board Decision for failing to comply with the requirements of 38 U.S.C. § 7104(d) and 38 C.F.R. § 19.7(b). The government challenges our jurisdiction to reach these issues, and argues that the court’s decision on the merits is correct. We conclude that we have jurisdiction over the § 7111 issue and hold that the court did not abuse its discretion when it did not order a remand in view of § 7111. We also conclude that we have jurisdiction over the § 7104(d) issue and hold that the court did not misinterpret 38 U.S.C. § 7104(d) or 38 C.F.R. § 19.7(b).
 

 II.
 

 Mr. Morris argues that we have jurisdiction over the § 7111 issue because it raises questions about the jurisdiction of the Court of Appeals for Veterans Claims. The jurisdictional statute for the Court of Appeals for Veterans Claims provides that the court “shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.” 38 U.S.C. § 7252(a) (Supp. IV 1998). Mr. Morris argues that, because his § 7111 argument is that the Court of Appeals for Veterans Claims should have remanded his case to the Board for consideration of the newly enacted statute, it involves a challenge to' the court’s exercise of its jurisdiction. Mr. Morris cites
 
 Maggitt v. West,
 
 202 F.3d 1370 (Fed.Cir.2000), as establishing that we have jurisdiction over this issue. The government contends that we lack jurisdiction over this issue because Mr. Morris does not assert that the Court of Appeals for Veterans Claims misinterpreted § 7111 or any other statute or regulation, and because he does not challenge the validity of any statute or regulation upon which the court relied.
 

 In
 
 Maggitt,
 
 we determined that we had jurisdiction to review the Court of Appeals for Veterans Claims’ denial of a motion to remand a case to the Board for reconsideration in view of a change in the law.
 
 Maggitt,
 
 202 F.3d at 1379-80. We determined that the authority of the Court of Appeals for Veterans Claims to remand matters to the Board is derived from 38 U.S.C. § 7252(a).
 
 Id.
 
 at 1379. Because that statute “concerns the jurisdiction of the [court,]” and because we have jurisdiction over issues of the jurisdiction of the Court of Appeals for Veterans Claims, we concluded that we can review “whether the [court] properly exercises its discretion when deciding whether to remand issues to the Board.”
 
 Id.
 

 Although Mr. Morris argues that
 
 Mag-gitt
 
 establishes our jurisdiction over the § 7111 issue, his appeal does not fall squarely under
 
 Maggitt.
 
 In
 
 Maggitt,
 
 the claimant had moved the court for a remand, whereas, here, Mr. Morris did not ask the Court of Appeals for Veterans Claims to remand his case to the Board. We note, however, that the court did determine that Mr. Morris “ha[d] not demonstrated that the 1996 BVA Decision contains either factual or legal error which would warrant reversal or remand.”
 
 Morris,
 
 slip op. at 2. Thus, it appears that the Court of Appeals for Veterans Claims in this case, like the court in
 
 Maggitt,
 
 made a decision not to order a remand. Under
 
 Maggitt,
 
 therefore, we have jurisdiction to consider whether the court abused its discretion or acted unlawfully when it made this decision.
 

 Mr. Morris argues that the Court of Appeals for Veterans Claims should have vacated the 1996 Board Decision and remanded the case to the Board in view of the enactment of 38 U.S.C. § 7111. That statute authorizes CUE challenges to Board decisions, which previously were unavailable. 38 U.S.C. § 7111 (Supp. IV 1998);
 
 Disabled Am. Veterans v. Gober,
 
 234 F.3d 682, 687 (Fed.Cir.2000). Mr. Mor
 
 *1295
 
 ris urges that the decision by the 1996 Board that the 1966 RO Decision was subsumed in the 1988 Board Decision relied, at least in part, on the inability to bring CUE challenges to Board decisions. According to Mr. Morris, because the 1996 Board Decision was based on law that was changed while his appeal was pending, it was an abuse of discretion for the court to fail to vacate the 1996 Board Decision and to fail to order a remand for reconsideration under current law.
 

 The government argues that the court did not abuse its discretion when it failed to order a remand because, unlike the claimant in
 
 Maggitt,
 
 Mr. Morris never asked the court to vacate the 1996 Board Decision in view of the change in law. The government also argues that the 1996 Board Decision does not rest on the prior rule that Board decisions are not subject to challenges based on assertions of CUE. Instead, the government argues, the decision relies on the rule, which remains in effect today, that RO decisions that have been reviewed on the merits and affirmed by the Board are not subject to CUE challenges.
 

 The Court of Appeals for Veterans Claims did not abuse its discretion or err as a matter of law when it failed to remand Mr. Morris’ case in view of § 7111. First, as discussed above, Mr. Morris did not ask the court for a remand. Thus, unlike the court in
 
 Maggitt,
 
 the court was not presented with a motion for a remand. Moreover, unlike the Board decision in
 
 Maggitt,
 
 the Board decision here did not rely on the law that was changed by the enactment of § 7111. Although the 1996 Board Decision makes reference to the inability to bring a CUE challenge to a Board decision, the decision is based on the rule that one cannot bring a CUE challenge to an RO decision once that decision has been reviewed on the merits and affirmed by the Board. 1996 Board Decision, slip op. at 4. This rule was not affected by § 7111.
 
 Donovan,
 
 158 F.3d at 1383 (stating that § 7111 was “irrelevant” where the claimant was asserting CUE “only in [an RO] decision and not in the subsequent Board decisions”). Thus, there was no reason for the court to order a remand of Mr. Morris’ CUE challenge to the 1966 RO Decision in view of the enactment of § 7111.
 

 Mr. Morris’ inability to bring a CUE challenge to the 1966 RO Decision does not leave him without recourse. He remains free to bring a CUE challenge to the 1988 Board Decision under § 7111, which permits such challenges “at any time after [the] decision is made.” 38 U.S.C. § 7111(d).
 

 III.
 

 Mr. Morris argues that we have jurisdiction over the § 7104(d) issue because, like the § 7111 issue, it is founded on the assertion that the Court of Appeals for Veterans Claims abused its discretion when it failed to exercise its jurisdiction to remand his case to the Board. The government argues that we lack jurisdiction over this issue because it simply represents a challenge to the court’s application of the law to the specific facts of the case, and 38 U.S.C. § 7292(d)(2) specifically prohibits us from reviewing challenges “to a law or regulation as applied to the facts of a particular case.”
 

 Section 7104(d) requires “[e]ach decision of the Board [to] include ... a written statement of the Board’s findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record.” 38 U.S.C. § 7104(d) (1994). In a like vein, the implementing regulation states that the decision of the Board will “include separately stated findings of fact and conclusions of law on all material issues of fact and law presented on the record [and] the reasons or bases for those findings and conclusions.... ” 38 C.F.R. § 19.7(b).
 

 
 *1296
 
 Mr. Morris argues that the Court of Appeals for Veterans Claims should have remanded his case to the Board because the Board’s decision does not comply with the statutory and regulatory requirements just described. Specifically, he contends that, “[although the [Board] expressly acknowledged that the [RO] had developed Mr. Morris’ CUE claim, ... its findings of fact, conclusions of law, and statement of reasons and bases contain
 
 no
 
 reference to Mr. Morris’ CUE claim
 
 luhatsoever.”
 
 Br. of Appellant at 14. Thus, at the core of Mr. Morris’ argument that the Court of Appeals for Veterans Claims erred in not ordering a remand to the Board is the contention that, as far as the Board’s decision on his CUE claim is concerned, the court misinterpreted the requirements of 38 U.S.C. § 7104(d) and 38 C.F.R. § 19.7(b). Consequently, Mr. Morris has asserted a claim within our jurisdiction.
 

 Mr. Morris’ CUE claim is addressed in the INTRODUCTION section of the 1996 Board Decision. That portion of the Board’s opinion reads in its entirety as follows:
 

 The issue of whether there was clear and unmistakable error in a May 1966 rating decision which denied service connection for a psychiatric disorder was also developed by the RO. This issue is not a proper subject for appellate review. The May 1966 rating decision was subsumed in, and affirmed by, a Board of Veterans’ Appeals (Board) decision in February 1988. The United States Court of Appeals for the Federal Circuit has held that a “clear and unmistakable error” standard of review is not applicable to Board decisions that are otherwise final.
 
 Smith v. Brown,
 
 35 F.3d 1516 (Fed.Cir.1994). Consequently, the veteran’s current claim of clear and unmistakable error in the subsumed 1966 rating action is also not a proper subject for appellate consideration. An attack on this rating decision represents an attack on the Board decision which subsumed it and would be contrary to the holding in
 
 Smith.
 
 The proper remedy in such case is a motion for reconsideration of the final Board decision. There has been no motion for reconsideration. Since there is no motion for reconsideration, the findings and conclusions in the prior Board decision are not subject to readjudication based on a claim of error.
 
 See Smith.
 

 1996 Board Decision, slip op. at 2.
 

 The Board’s ruling on Mr. Morris’ CUE claim speaks for itself. The necessary facts are stated, and the basis for the ruling is clear: the 1966 RO decision was subsumed in the 1988 Board Decision, and a CUE challenge to the 1988 Board Decision is precluded by the decision of this court in
 
 Smith v. Brown,
 
 35 F.3d 1516 (Fed.Cir.1994). Although the discussion of the CUE claim does not appear under the FINDINGS OF FACT, CONCLUSIONS OF LAW, or REASONS AND BASES FOR FINDINGS AND CONCLUSIONS sections of the 1996 Board Decision, 38 U.S.C. § 7104(d) and 38 C.F.R. § 19.7(b) place no limitations on where in its opinions the Board must set forth its findings and conclusions and its reasons or bases for those findings and conclusions. We thus reject Mr. Morris’ argument that the Court of Appeals for Veterans Claims misinterpreted the statute and regulation.
 

 CONCLUSION
 

 The Court of Appeals for Veterans Claims did not abuse its discretion or err as a matter of law when it failed to
 
 sua sponte
 
 vacate the 1996 Board Decision and order a remand for reconsideration in view of 38 U.S.C. § 7111. Neither did the court misinterpret the requirements of 38 U.S.C. § 7104(d) and 38 C.F.R. § 19.7(b) when reviewing the Board’s denial of Mr. Morris’ CUE claim. The decision of the court is
 

 AFFIRMED.
 

 
 *1297
 
 COSTS
 

 Each party shall bear its own costs.