# United States Court of Appeals for the Federal Circuit

2007-7028

GLEN B. BERGMAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Nancy L. Foti, Wright, Robinson, Osthimer & Tatum, of Washington, DC, for claimant-appellant.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; and Todd M. Hughes, Assistant Director. Of counsel was Martin F. Hockey, Jr., Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7028

GLEN B. BERGMAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: June 11, 2007

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Glen Bergman appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") declining to remand his case to the Board of Veterans' Appeals ("Board"). Bergman v. Nicholson, Sec'y of Veterans Affairs, No. 04-990, 2006 WL 3200368 (Vet. App. July 26, 2006). Finding no error in the Veterans Court's decision, we affirm.

BACKGROUND

Bergman served in the U.S. Marine Corps from 1976 to 1979. In September 1986, the Department of Veterans Affairs Regional Office ("RO") granted him service

connection for early osteoarthritis of the thoracolumbar spine. When Bergman later received a diagnosis for chronic low-back syndrome, he filed a claim for an increased rating, which the RO denied in March 1995. On appeal to the Veterans Court, in September 1999, that court granted a Joint Motion for Remand so the Board could evaluate the results of an October 1995 nerve conduction velocity test, which had shown some indication of lumbosacral radiculopathy.

After further proceedings at the Board and RO, the Board again denied an increased rating for Bergman's service connected osteoarthritis and denied service connection for a lumbosacral disc syndrome. He again appealed to the Veterans Court, which affirmed the Board's decision. Finally, Bergman timely appealed to this court.

DISCUSSION

I

On appeal, the government argues that we lack jurisdiction over this appeal because it requires us to review the Veterans Court's application of law to facts. In response, Bergman argues that the Veterans Court's interpretation of the Joint Motion for Remand presents an issue of law and thus allows this court jurisdiction to review the Veterans Court. He also asserts that inherent fact-finding by the Veterans Court exceeded that court's statutory authority under 38 U.S.C. § 7261.

The jurisdictional question presented by this case falls in the spectrum defined by Morris v. Principi, 239 F.3d 1292 (Fed. Cir. 2001), and Cook v. Principi, 353 F.3d 937 (Fed. Cir. 2003). In Morris, we held that we had jurisdiction to review the Veterans Court's denial of remand in light of an alleged failure of the Board to discuss Morris's claim. 239 F.3d at 1296. Specifically, we characterized the appeal as challenging the Veterans Court's interpretation of 27 U.S.C. § 7104(d), which sets forth the requirement

for the Board to address "all material issues of fact and law presented on the record." Id. In Cook, on the other hand, we recognized that Morris does not extend jurisdiction so far as reviewing the Veterans Court's failure to remand in light of an alleged failure of the Board to consider certain facts in the record. Cook, 353 F.3d at 941. Specifically, the Veterans Court had characterized the omitted evidence as "neither favorable nor unfavorable" or presenting only illusory issues, and therefore did not require discussion by the Board. Id. at 938. Therefore, Cook was asking this court to apply the law to the facts of his case. Id. at 941.

Bergman's appeal challenges the Board's determination that his claim encompassed "entitlement to service connection for lumbosacral disc syndrome" rather than the broader issue: "entitlement to service connection for a neurological condition." Because the scope of Bergman's claim on remand to the Board depends on the Joint Motion for Remand, any determination of scope presents an issue of law—construction of the Joint Motion for Remand. Accordingly, we have jurisdiction to review the Veterans Court's determination. 38 U.S.C. § 7292(d)(1).

II

As discussed, Bergman asserts that the Veterans Court's and Board misconstrued the Joint Motion for Remand. That motion stated:

> The record shows that in October 1995, an EMG study showed likely mild lumbosacral radiculopathy in light of right L5 distribution. Whether that neurological impairment is secondary to, and thus part of, the service-connected back disability must be adequately addressed by the Board. See 38 C.F.R. § 3.301(a). If so related, pursuant to Esteban[ v. Brown, 6 Vet. App. 259, 261 (1994)], the Board must address the evidence indicating neurological aspects of the veteran's service-connected disability when assigning its rating.

Bergman, 2006 WL 3200368, at *3 (emphases added). As the Veterans Court correctly recognized, the Joint Motion for Remand only concerned "that" neurological impairment—the "mild lumbosacral radiculopathy." Id. Moreover, the motion only required the Board to address evidence of "neurological aspects" if it found the lumbosacral radiculopathy was part of the "service-connected back ability." Id. We see no error with the Veterans Court's straightforward interpretation of the Joint Motion for Remand. Therefore, upon finding no radiculopathy, the Board was correct in not discussing any other potential neurological impairment. We have considered and rejected the appellant's other arguments.

No costs.