Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7363

TIMOTHY A. FISHER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs. Of counsel was Amanda R. Blackmon, Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7363

TIMOTHY A. FISHER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1962, Chief Judge William P. Green, Jr.

_____

DECIDED: January 17, 2008

_____

Before MAYER, RADER, <u>Circuit Judges</u>, and GARBIS, <u>District Judge</u>.*

PER CURIAM.

Timothy A. Fisher ("Fisher") appeals a June 6, 2006 decision by the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans Affairs' ("Board") dismissal of Fisher's request for revision of a 1998 Board decision because that decision had been affirmed by the Veterans Court in 1999. Joint App'x at 1-3. We <u>affirm</u>.

_____

* Honorable Marvin Garbis, Senior District Judge, United States District Court, sitting by designation.

Fisher served on active military duty from April 1969 to April 1971. In 1984, he was awarded compensation for disability resulting from post-traumatic stress disorder with an initial rating of 30%. Fisher v. Nicholson, 21 Vet. App. 96, *2 (U.S. App. Vet. Cl. 2006). In September 1986, the Regional Office of the Department of Veterans Affairs ("RO") continued his 30% rating. Id. The instant appeal pertains to Fisher's efforts to revise the September 1986 decision ("the 1986 Decision") by the RO, which denied an increase from a 30% rating.

This court reviews de novo legal issues on appeal from the Veterans Court. Andre v. Principi, 301 F.3d 1354, 1358 (Fed. Cir. 2002). In contrast, we do not review the Veterans Court's factual determinations or its application of the law to the facts of a particular case in the absence of a constitutional issue. 38 U.S.C. § 7292(d)(2).

In the instant case, the following chronology sets forth the pertinent procedural steps:

| | |
|---|---|
| April, 1995 | RO awarded Fisher a 100% rating effective only from November 1991. |
| August, 1995 | Fisher requested revision of the 1986 RO Decision on fact-based grounds. |
| January, 1996 | RO denied the request. |
| March, 1998 | Board denied Fisher's appeal from the RO ("the 1998 Decision"). |
| September, 1999 | Veterans Court affirmed Board's 1998 Decision. Fisher, 21 Vet. App. 96, at *2-3. |
| August, 2002 | Fisher filed a motion with the Board to vacate the 1998 Decision on the basis of a new theory of clear and unmistakable error ("CUE"). |
| August, 2003 | Board dismissed Fisher's motion because the 1998 Decision had been appealed to the Veterans Court. |
| June, 2006 | Veterans Court affirmed the Board's dismissal. |

The Veterans Court correctly decided that Fisher could not seek to have the Board revise its 1998 Decision after that decision had been affirmed by the Veterans Court. See

<u>Disabled Am. Veterans v. Gober</u>, 234 F.3d 682, 693 (Fed. Cir. 2000) ("If a superior court, such as the Court of Appeals for Veterans Claims, affirms the determination of the Board on that issue, that Board decision is replaced by the Court of Appeals for Veterans Claims' decision on that issue. Thus, there is no longer any 'decision by the Board that [can be] subject to revision.'") Therefore, the Veterans Court properly affirmed the Board, and we must affirm the Veterans Court.

Fisher is not, however, precluded from pursuing his ultimate objective: the revision of the 1986 Decision for CUE. As Respondent agreed at argument, Fisher can, at any time, directly seek revision of the 1986 Decision by means of a "CUE" claim filed with the Department of Veterans Affairs. 38 U.S.C. § 7111(d) (2000); <u>see</u> <u>also</u> <u>Morris v. Principi</u>, 239 F.3d 1292 (Fed. Cir. 2001).

Accordingly, the Court affirms the decision of the Veterans Court without prejudice to the right of Fisher to pursue a CUE claim to seek revision by the RO of the 1986 Decision.

No costs.