﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200424-80537
DATE: February 26, 2021

ORDER

Entitlement to service connection for a back disability is denied.

FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran’s back disability had an onset in service. Any arthritis was first shown years after service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a back disability have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1977 to September 1980.

The Board of Veterans’ Appeals (Board) remanded this matter for further evidentiary development in November 2019. The matter has been developed and again appealed to the Board pursuant to the provisions of the Appeals Modernization Act.

The Board notes that the decision currently on appeal was issued in March 2020. In his April 2020 notice of disagreement (NOD), the Veteran elected the direct review lane. 38 C.F.R. § 19.2(d). The March 2020 Appeals Modernization Act (AMA) rating decision considered the evidence of record as of March 2, 2020.

Entitlement to service connection for a low back disability

Generally, service connection may be granted for a disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection for certain chronic diseases, including arthritis, may be presumed if they are manifest to a compensable degree within one year following the date of separation from active service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

For the showing of a chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or diagnosis including the word “chronic.” Continuity of symptomatology is required where the condition noted during service is not, in fact, shown to be chronic or when the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported then a showing of continuity of symptomatology after discharge from service is required to support the claim. 38 C.F.R. § 3.303 (b). But to establish entitlement to service connection based on continuity of symptomatology, the claimant must have one of the “chronic” diseases specifically enumerated in 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. The VA shall consider all information and lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Veteran is seeking entitlement to service connection for a low back disability. The Veteran contends that his current back disability is related to his military service. Specifically, the Veteran contends that his back disability is related to his military occupational specialty (MOS) as a Helicopter Mechanic because he fell while going in and out of a helicopter carrying items, and because of the repetitive type of work the Veteran did for his MOS.

In the March 2020 rating decision, the Agency of Original Jurisdiction (AOJ) made a Favorable Finding that the Veteran had a current diagnosis of a lumbosacral strain and degenerative arthritis of the spine. The Board is bound by this favorable finding. Therefore, the remaining questions are whether there is evidence of the existence of the disability or an injury in service and whether the Veteran’s current back disability is related to that in-service event.

Regarding any in-service findings, the Veteran’s service treatment records (STRs) contain a December 1979 note showing he complained of lower back pain and chest pain. Evaluation at that time resulted in the impression that he had pleurisy. It is noted that the Veteran’s MOS is listed as Utility Helicopter Repairer. See DD-214. While he has reported an injury, service treatment records reveal he was seen for multiple complaints, however treatment for a low back disorder is not shown. On examination during service, and at separation from service, the Veteran denied recurrent back pain and the clinical evaluation on both occasions revealed normal findings.

As for a nexus, the Veteran was afforded a VA examination in December 2019. The December 2019 examiner opined that the Veteran’s back disability was less likely than not incurred in or caused by service. The examiner provided the rationale that the only incident in the Veteran’s STRs of a back complaint accompanied a complaint of chest pain and was diagnosed as probable pleurisy, and there was no mention of a fall or injury in that medical note. The examiner noted the Veteran’s lay statements about his MOS and the fall and provided that this “could have” caused the Veteran’s current back disability. However, the examiner concluded by stating that while a nexus is probable, he was unable to find a nexus as the Veteran’s records do not support a nexus. The Board finds this opinion well-reasoned and thoroughly considered the Veteran’s complete medical history and is accordingly afforded high probative value. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (a factor for assessing the probative value of a medical opinion includes the thoroughness and detail of the opinion). The Board notes that there is no opinion in the record to the contrary.

The Board acknowledges the portion of the December 2019 opinion where the examiner stated that the Veteran’s MOS and fall “could have” caused the current back disability. The Board does not find this is sufficient to support a positive etiological opinion as the examiner’s use of the words "could be" makes this portion of the opinion speculative. Further, the examiner concluded the opinion with a negative nexus. The Board observes that entitlement to service connection may not be based on speculation or remote possibility. See 38 C.F.R. § 3.102. A number of Court cases have provided discussion on this point of weighing medical opinion evidence. See Morris v. West, 13 Vet. App. 94, 97 (1999) (diagnosis that appellant was "possibly"" suffering from schizophrenia deemed speculative); Bostain v. West, 11 Vet. App. 124, 127-28 (1998), quoting Obert v. Brown, 5 Vet. App. 30, 33 (1993) (a medical opinion expressed in terms of "may" also implies "may or may not" and is too speculative to establish a plausible claim).

The Board further notes that lay assertions may serve to support a claim for service connection by establishing the occurrence of observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006). The Veteran contends that he believes his current back disability to be due to his military service.

The Board acknowledges the Veteran’s lay statements regarding the nature and etiology of his back disability. However, while the Veteran is competent to report (1) symptoms observable to a layperson, e.g., pain, wincing; (2) a diagnosis that is later confirmed by clinical findings; or (3) a contemporary diagnosis, the Veteran is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition. See Davidson v. Shinseki, 581 F.3d 1313 (2009). Consequently, lay assertions of medical diagnosis or etiology alone cannot constitute evidence upon which to grant the claim for service connection. Latham v. Brown, 7 Vet. App. 359, 365 (1995). Accordingly, the Board assigns little probative value to these lay assertions of the etiology of his back disability. The Veteran’s back disability is first shown years after service, and there is no clinical evidence that it is the type of disability that would be due to his duties in service years earlier. The December 2019 examiner provided a comprehensive opinion after review of all the pertinent evidence. Reference was made to pertinent studies, statements, and clinical history. This is, in the Board’s view, persuasive, especially with consideration given to the entire record.

Additionally, as noted, physical examinations conducted during service and at separation are negative for complaints or pertinent findings. Nothing is shown or claimed until many years after service.

 

Accordingly, based on the evidence discussed above, the Board concludes that the preponderance of the evidence is against the claim of entitlement to service connection for a back disability. The benefit of the doubt rule does not apply, and the appeal must be denied. See 38 U.S.C. § 5107. 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Frazier, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.