NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUBEN G.  HERRERA,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1051

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4109, Judge Coral Wong Pietsch, Judge Joseph L. Toth, Judge Scott Laurer.

---

Decided:  June 8, 2022

---

RUBEN G. HERRERA, San Antonio, TX, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Ruben G. Herrera appeals from a judgment of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals.  For the below reasons, we affirm-in-part and dismiss-in-part Mr. Herrera's appeal.

BACKGROUND

Mr. Herrera is an Army veteran who served on active duty for a combined total of about 26 months in the period from 1973 to 1976.  Appx. 27.[1]

In 2002, Mr. Herrera applied for veterans' benefits, claiming he had various disabilities that were connected to his Army service.  Appx. 82.  In a November 2002 rating decision, the Department of Veterans Affairs Houston Regional Office (RO) denied Mr. Herrera's benefits claims for head trauma, tinnitus, and head scarring after finding that these injuries were unrelated to Mr. Herrera's service.  *Id.* Mr. Herrera appealed to the Board of Veterans' Appeals, which issued a February 2005 decision that denied service connection for head injury and head scarring, and remanded Mr. Herrera's tinnitus claim for further consideration.  Appx. 2.  Mr. Herrera did not appeal this decision, and the decision became final.  *Id.*

In August 2011, Mr. Herrera filed another claim for benefits, this time claiming tinnitus and residuals of a left-side head injury (including headaches), which the Department of Veterans Affairs (VA) expanded to include a claim for traumatic brain injury (TBI).  Appx. 2.  In an April 2013 rating decision, the RO denied service connection for TBI and residuals of a left-side head injury (including

---

[1]    Citations to "Appx." refer to the appendix attached to the Appellee's Brief.

headaches) but granted service connection for (1) tinnitus, assigning an effective date of August 2011, and (2) bilateral hearing loss, for which it assigned a noncompensable rating. Appx. 2–3. Mr. Herrera requested reconsideration of the August 2011 RO decision, but the RO denied Mr. Herrera's request to reopen his claim for service connection for TBI and residuals of a head injury (including headaches) in May 2015. Appx. 3. Mr. Herrera appealed to the Board of Veterans' Appeals, alleging the RO committed clear and unmistakable error (CUE) in the April 2013 and November 2002 rating decisions. *Id.*

In May 2020, the Board reopened Mr. Herrera's claim for service connection for head scarring, having received new and material evidence sufficient to reopen that claim, but found on the merits that Mr. Herrera's head scarring was not service connected. Appx. 25. The Board denied Mr. Herrera's request for an increased, compensable disability rating for bilateral hearing loss. *Id.* The Board also denied Mr. Herrera's CUE motion to revise the RO's November 2002 rating decision. *Id.* Mr. Herrera appealed to the Court of Appeals for Veterans Claims (Veterans Court). The Veterans Court affirmed. Appx. 4–7, 16.

Mr. Herrera appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court. We may not review factual findings or the application of law to fact by the Board, except for constitutional claims. 38 U.S.C. §§ 7292(c), (d)(2); *see also, e.g.,* *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Our review is limited to legal challenges regarding the "validity of any statute or any interpretation thereof, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." § 7292(c).

On appeal, Mr. Herrera argues that the Veterans Court erred by (1) making de novo fact findings and sustaining the Board's decision on grounds he claims were different than those relied on by the Board; (2) failing to consider new and material evidence regarding his disability claims; (3) affirming the Board's denial of his claims that the RO committed clear and unmistakable error; and (4) determining it lacked jurisdiction to review certain issues Mr. Herrera had not previously raised before either the RO or the Board. Appellant's Br. 1–3. We address each of Mr. Herrera's arguments in turn.

Mr. Herrera first argues that the Veterans Court erred by sustaining the Board's decision on grounds he purports to be different than those the Board relied on, and by allegedly making de novo findings of fact. Appellant's Br. 1–2. We note that the Veterans Court's opinion makes clear that the court did not deny any of Mr. Herrera's claims for reasons other than those invoked by the Board; nor did it make any of its own findings of fact. *See* Appx. 4–7. For example, the Veterans Court explained that the Board denied service connection for left side head scarring "because it found that appellant did not have a current disability." Appx. 6. The Veterans Court "affirm[ed] this part of the Board's decision" because Mr. Herrera did not carry his burden of showing error in the Board's decision. *Id.* In other words, the Veterans Court affirmed the Board's decision based on the same reason as the Board—that Mr. Herrera had not sufficiently proven that he had a current disability (scarring on the left side of the head) during the appeal. *Id.* Regarding the Board's other findings, the Veterans Court similarly affirmed the Board's decision based on the same grounds as the Board. *See generally* Appx. 4–7. We thus do not see that the Veterans Court erred.

Next, we turn to Mr. Herrera's argument that he has submitted new and material evidence sufficient to reopen his claim for service connection for head scarring. Appellant's Br. 2. The Board may reopen a claim for benefits "[i]f

new and relevant evidence is presented." 38 U.S.C. § 5108(a); *see also* 38 C.F.R 3.156(a) ("A claimant may reopen a finally adjudicated . . . claim by submitting new and material evidence."). Whether evidence presented by a veteran is "new and material" is a finding of fact. *See Livingston v. Derwinski*, 959 F.2d 224, 225–26 (Fed. Cir. 1992). The Board here found that Mr. Herrera had, in fact, submitted sufficient new and material evidence to reopen his claim for service connection for head scarring. Appx. 29. Accordingly, the Veterans Court appropriately did not reverse this favorable determination. *Medrano v. Nicholson*, 21 Vet. App. 165, 170 (2007) ("The Court is not permitted to reverse findings of fact favorable to a claimant.") (citing 38 U.S.C. § 7261(a)(4)).

Notwithstanding Mr. Herrera's presentation of new and material evidence, the Board found that Mr. Herrera had not shown he had a current disability at any time during the appeal and thus denied Mr. Herrera's claim for service connection for head scarring on the merits. Appx. 6, 29. The Veterans Court affirmed. Appx. 6. Mr. Herrera now appeals the Veterans Court's affirmance of the Board's denial of service connection based on the Board's finding of the absence of a current disability. The issue of whether a veteran has a current disability is a finding of fact. *See McLendon v. Nicholson*, 20 Vet. App. 79, 82 (2007). Because we may not review "a challenge to a factual determination," we do not have jurisdiction to review this issue and accordingly dismiss this part of Mr. Herrera's appeal. 38 U.S.C. § 7292(d)(2).

We turn next to Mr. Herrera's argument that the Veterans Court erred by affirming the Board's denial of his claim that the RO committed clear and unmistakable error in its November 2002 rating decision. Specifically, Mr. Herrera argues that the court "failed in its statutory mandate to account for prejudicial error" by not assessing whether there was prejudice to him resulting from any

Board error in concluding there was no CUE in the underlying decision. Appellant's Br. 3.

As the Veterans Court explained, only final decisions may be challenged on grounds of clear and unmistakable error. Appx. 4. When the Board affirms an RO decision on appeal on the same factual basis as the RO, the Board's decision precludes a veteran from challenging the original RO decision based on clear and unmistakable error. *Id.* (citing 38 C.F.R. § 20.1104). The Veterans Court found no clear error in the Board's determination that because Mr. Herrera appealed the RO's November 2002 decision, that RO decision was no longer final. Appx. 5. The Veterans Court further affirmed the Board's finding that the Board's February 2005 decision subsumed the November 2002 decision, thereby precluding Mr. Herrera from challenging the November 2002 decision based on CUE. Appx. 4–5.

On appeal, Mr. Herrera challenges the Veterans Court's affirmance of the Board's determination that the RO's November 2002 rating decision was not final and was subsumed by the Board's later decision. Whether a later decision subsumes an earlier decision is a question of fact. *Morris v. West*, 13 Vet. App. 94, 96 (1999); *see also* 38 U.S.C. § 7261(a)(4). Mr. Herrera thus challenges the Board's factual finding. We lack jurisdiction to review Mr. Herrera's challenge to a factual finding and therefore dismiss this portion of his appeal.

Lastly, Mr. Herrera argues that the Veterans Court erred in determining it lacked jurisdiction to review certain issues not previously raised to or decided by the RO or the Board. Appellant's Br. 1–3. Before the Veterans Court, Mr. Herrera raised new arguments for the first time regarding service connection and disability rating for various claims, as well as challenging the Board's February 2005 decision on grounds of CUE. As the Veterans Court explained, however, the Board did not consider or adjudicate

these issues. Appx. 7. The Veterans Court cannot consider matters that were not decided by the Board. *See Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) (the Veterans Court's "jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed"). Therefore, the Veterans Court properly determined it had no jurisdiction to consider these issues that were not raised before, nor decided by, the Board.[2] We thus affirm the Veterans Court's determination that it lacked jurisdiction over these claims.

We have considered Mr. Herrera's remaining arguments and find them unpersuasive.

## CONCLUSION

For the above reasons, we affirm the Veterans Court's determination that it lacks jurisdiction over certain issues. We dismiss the remainder of Mr. Herrera's appeal for lack of jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.

---

[2]    As the Veterans Court explained, while the Veterans Court lacked jurisdiction over Mr. Herrera's challenge to the Board's February 2005 decision based on CUE, Mr. Herrera may pursue his CUE challenge at the Board. *See* Appx. 5.