Theodore J. DITTRICH, Claimant–
Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans
Affairs, Respondent–Appellee.

No. 98–7031.

United States Court of Appeals,
Federal Circuit.

Dec. 28, 1998.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant–appellant.

Franklin E. White, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief was David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC. Of counsel was Donald E. Zeglin, Department of Veterans Affairs.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Veterans Appeals (Court of Veterans Appeals) upheld the Board of Veterans' Appeals' (the Board) denial of Mr. Dittrich's claim of clear and unmistakable error (CUE) involving a 1960 denial of service connection for a schizophrenic condition. Because the Court of Veterans Appeals correctly construed the appropriate case law and properly interpreted the applicable statutes, namely 38 U.S.C. §§ 5109A & 7111 (1998), this court affirms.

I.

The appellant, Theodore J. Dittrich, served on active duty in the Army from January 27, 1953 to December 22, 1954. In August 1959, he applied for service connection for a nervous condition. In a rating decision dated March 21, 1960, a Department of Veterans Affairs (DVA) regional office denied Mr. Dittrich's claim. Mr. Dittrich did not attempt to appeal this denial until 1965, at which time the regional office advised him that his appeal was untimely. The regional office, however, continued to receive evidence of Mr. Dittrich's schizophrenia in support of his claim for service connection. In December 1968, the regional office issued a confirmed rating decision stating that the evidence was insufficient to reopen the claim for service connection. In January 1969, the DVA advised Mr. Dittrich of that decision. Mr. Dittrich appealed the January 1969 rating decision to the Board. In light of Mr. Dittrich's new and material evidence, the Board reopened his claim but nonetheless denied him service connection on the merits.

Between August 1979 and June 1993, the Board declined five times to reopen Mr. Dittrich's claim for service connection. At length, Mr. Dittrich appealed the June 1993 decision to the Court of Veterans Appeals. In July 1994, the Court of Veterans Appeals dismissed the issue of new and material evidence, based on a joint motion by the parties, and remanded the claim to the Board to determine whether the March 1960 rating decision evinced CUE. At that time, the regulatory basis for Mr. Dittrich's CUE claim was 38 C.F.R. § 3.105(a). The Board in turn remanded the CUE claim to the regional office because the regional office had not previously adjudicated this issue. The regional office found no well-grounded claim of CUE in the 1960 rating decision. Instead, the regional office determined that examination results at that time "clearly showed that the veteran had not incurred or aggravated a nervous condition while on active military duty."

The claim returned to the Board which concluded in an August 1996 decision that its June 1969 decision had considered all the evidence compiled before that date and had thus effectively denied the 1960 claim as well. Based on this conclusion, the Board denied Mr. Dittrich's claim of CUE in the 1960 rating decision as a matter of law. Mr.

Dittrich appealed this decision to the Court of Veterans Appeals. During the pendency of that appeal, Congress enacted Pub.L. No. 105–111, 111 Stat. 2271 (Nov. 21, 1997). This new law amended title 38 of the United States Code to include §§ 5109A and 7111. 38 U.S.C. § 5109A basically codifies 38 C.F.R. § 3.105(a), providing a statutory basis for a claim of CUE in regional office decisions. 38 U.S.C. § 7111, however, expressly allows review of Board decisions for CUE, which had previously been prohibited.

On January 6, 1998, the Court of Veterans Appeals upheld the Board's conclusion that its 1969 decision had subsumed its earlier 1960 rating decision. The court based its holding on *Donovan v. Gober*, 10 Vet.App. 404 (1997), and *Chisem v. Gober*, 10 Vet.App. 526 (1997). The Court of Veterans Appeals determined that enactment of Pub.L. No. 105–111 had not altered its rulings in *Donovan* and *Chisem*. Mr. Dittrich appealed to this court.

## II.

■ Under 38 U.S.C. § 7292 (1998), this court lacks jurisdiction to review factual determinations challenged in appeals from the Court of Veterans Appeals except to the extent they present constitutional issues. *See* 38 U.S.C. § 7292(d)(2). However, 38 U.S.C. § 7292(a) gives this court authority to review an interpretation of a statute or regulation by the Court of Veterans Appeals as long as that court relied on that interpretation in making its decision. According to the statute, this court sustains an interpretation of the Court of Veterans Appeals unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right." 38 U.S.C. § 7292(d)(1). This court reviews legal determinations of the Court of Veterans Appeals *de novo*. *See Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed.Cir.1991).

■ After the Board has denied a claim for benefits, a regional office (or agency of original jurisdiction) cannot thereafter consider or grant a claim upon the same factual basis. *See Spencer v. Brown*, 17 F.3d 368, 371–72 (Fed.Cir.1994). Title 38 set forth this rule to preserve the finality of Board decisions: "Final decisions on such appeals shall be made by the Board.... Except as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." 38 U.S.C. § 7104(a) & (b) (1998). This statute, therefore, prevents a regional office from reopening and allowing a claim disallowed by the Board, unless the 38 U.S.C. § 5108 (1998) requirement of new and material evidence has been satisfied. Furthermore, to underscore the finality of Board decisions, the last phrase of subsection (b) forbids a regional office from even considering a claim based on the same operative facts as the claim earlier rejected by the Board.

In *Smith v. Brown*, 35 F.3d 1516 (Fed.Cir. 1994), this court recognized the impropriety of allowing an agency of original jurisdiction to review a claim of error in a Board decision: "[Review of a Board decision by a regional office] would, oddly, permit an inferior to collaterally review the actions of a superior." *Id.* at 1526. Thus, if permitted to collaterally review an earlier regional office decision on a claim already disallowed in a Board decision, a regional office would have authority to consider and possibly revise the Board's decision. Title 38 forbids this type of collateral challenge. *See* 38 U.S.C. § 7104(b). In sum, once the Board has denied a claim, an agency of original jurisdiction may not revise or even consider a claim based on the same operative facts, unless new and material evidence warrants reopening the claim. *See Spencer*, 17 F.3d at 371–72.

Based on this same line of reasoning, the Court of Veterans Appeals prohibited a regional office from altering a final decision to conflict with a prior Board decision which rested on the same operative facts. *See Donovan*, 10 Vet.App. at 409. In *Donovan*, a

regional office denied the claimant's request for a service connection in 1947. The claimant did not appeal. Thirty-eight years later Donovan again sought benefits. In 1988, the Board denied a service connection for post traumatic stress disorder. The Court of Veterans Appeals observed that "the 1988 [Board] decision made a de novo review and essentially reviewed the 1947 [regional office] decision." *Id.* at 408. This court has recently affirmed this result. *See Donovan v. West,* 158 F.3d 1377 (Fed.Cir.1998). This court reasoned:

> In sum, although in its 1988 decision the Board, on the basis of the augmented record before it, held that Donovan had not established "service connection for a chronic augmented psychiatric disorder," it also ruled that the record before the regional office in 1947 did not show error, much less "clear and unmistakable error" in that office's decision in that year denying Donovan's claim based upon "gastric neurosis and psychoneurosis." That is precisely the issue that Donovan now seeks to litigate in the present case....

> The 1988 Board decision bars him from [doing so].

*Id.* at 1381–82.

■ This recent decision affirming the Court of Veterans Appeals does not, however, completely control the outcome in this case. When the Court of Veterans Appeals decided *Donovan,* P.L. 105–111 had not yet been enacted. Thus, the Court of Veterans Appeals applied the predecessor regulation, 38 C.F.R. § 3.105(a), permitting CUE review. *See Donovan,* 158 F.3d at 1381. This court in review also examined the standards supplied by that regulation. Thus, this court has not authoritatively addressed whether P.L. 105–111 requires a result different than that reached in *Donovan.*

The new enactment reads: "A decision by the Secretary under this chapter is subject to revision on grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised." 38 U.S.C. § 5109A (1998). Again, 38 U.S.C. § 5109A basically codified its predecessor regulation, 38 C.F.R. § 3.105(a). Thus, title 38 now expressly authorizes reversal or revision of regional office decisions based on CUE. Review for CUE may commence "on the Secretary's own motion or upon request of the claimant." 38 U.S.C. § 5109A(c). 38 U.S.C. § 7111 adds that decisions of the Board may also be revised for CUE, either upon the Board's own motion or at the claimant's request. *See* 38 U.S.C. § 7111.

In *Donovan,* the claimant had also raised the applicability of P.L. 105–111. In that case, the claimant noted that the statute authorizes a CUE challenge to a decision of the Secretary "at any time after that decision is made." 38 U.S.C. § 5109A(d). Thus, the claimant had hoped to invoke the statute to permit regional office review despite the intervening Board determination. This court dismissed that argument:

> Although the statute, unlike the regulation, provides that a request for revision of a decision for "clear and unmistakable error" may be made "at any time after that decision is made," that provision relates only to the timing of such a request. It makes explicit what was implicit in the regulation: that there is no time-bar upon such requests. As a mere codification of the regulation, the provision does not permit something the regulation would not: a collateral challenge to a regional office decision after the Board has sustained it.

*Donovan,* 158 F.3d at 1383 (citations omitted). This pronouncement governs in this case as well. The new statutory provisions authorize CUE challenges to both regional office and Board decisions. They do not, however, authorize a regional office to review collaterally an earlier Board decision on the same operative facts.

■ These recent statutory enactments do make one significant change to prior law. Specifically, they replace that portion of the *Smith* decision which found no authority for CUE review of a Board decision. As noted above, 38 U.S.C. § 7111 now expressly autho-

rizes CUE review of Board decisions. However, this statutory authority allows only the Board itself, not a regional office, to conduct CUE review of its prior decisions. In this respect, title 38 confirms the basic reasoning in *Smith* upholding the statutory provisions on finality and the orderly adjudicatory system for deciding veterans' claims. *See Smith*, 35 F.3d at 1526.

### III.

In this case, the Board in 1969 rejected Dittrich's claim for service connection after considering the entirety of the evidence before the regional office in 1960 in addition to some new and material evidence acquired in the interim. Thus, the Board's 1969 decision necessarily subsumed the 1960 regional office decision. Although the Board could review its own 1969 decision under 38 U.S.C. § 7111, Dittrich effectively requests instead that the regional office collaterally review the Board's 1969 decision. Nothing in title 38 or elsewhere authorizes a regional office to review decisions of the Board. Moreover, authorizing a regional office to review the 1960 decision (and thus to collaterally review the Board's 1969 decision) would violate 38 U.S.C. § 7104(b) and its principles of finality.

In sum, the Court of Veterans Appeals correctly construed the law, including the most recent enactments in title 38, in denying Mr. Dittrich's request. The decision of the Court of Veterans Appeals is therefore affirmed.

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*