**Alfred L. BROWN, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 98–7071.**

United States Court of Appeals, Federal Circuit.

Feb. 18, 2000.

Gary L. Beaver, Adams Kleemeier Hagan Hannah & Fouts, PLLC, Greensboro,

North Carolina, argued for claimant-appellant.

Scott D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director.

Before MAYER, Chief Judge, PLAGER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Appellant Alfred L. Brown contends that a 1947 disability rating decision by the Veterans Administration constituted clear and unmistakable error. The Court of Appeals for Veterans Claims denied his claim, holding that intervening decisions by the Board of Veterans' Appeals barred him from challenging the 1947 rating decision. We vacate the judgment of the Court of Appeals for Veterans Claims and remand the case to that court for further proceedings.

### I

Mr. Brown served on active duty in the United States Army from May 1944 to July 1945. In March 1945, he suffered severe shell-fragment wounds, and in July 1945 a Veterans Administration regional office (RO) awarded him a temporary 100% service-connected disability rating for his injuries. In February 1947, the RO issued a permanent rating decision, assigning him a combined disability rating of 70%.

In April 1981, Mr. Brown requested that his combined disability rating be increased to 100% after he discovered that in 1947 the Veterans Administration had failed to establish service connection for residuals of injuries to his right kidney, his right adrenal gland, and an abdominal muscle group known as muscle group XIX (MG19). Following a series of rulings in 1981 and 1982, the RO determined that all three injuries were service-related, but it assigned a noncompensable rating to his kidney and adrenal gland injuries, and it assigned only a 10% disability rating to his MG19 injury. The new ratings, which were made effective as of September 1980 (for the kidney and adrenal gland injuries) and May 1981 (for the MG19 injury), did not change Mr. Brown's combined disability rating of 70%. In a 1984 decision, the Board of Veterans' Appeals upheld the RO's ratings.

In April 1985, Mr. Brown made another claim for an increased disability rating. He argued that the award of service connection for his kidney, adrenal gland, and MG19 injuries should have been made effective as of the date of his discharge in July 1945, because those injuries were evident from the medical records that were before the RO at that time. In May 1985, the RO made the ratings effective as of July 1946. The RO's grant of service connection retroactive to 1946 did not, however, affect Mr. Brown's overall 70% disability rating or the amount of his monetary benefits. Mr. Brown did not appeal that decision.

In April 1990, Mr. Brown submitted another claim for increased disability compensation based in part on the kidney, adrenal gland, and MG19 injuries. After the RO rejected his claim, he appealed to the Board of Veterans' Appeals. Mr. Brown argued that he was entitled to (1) service connection for residuals of hepatitis and for hypertension, (2) increased ratings for residuals of his kidney and adrenal gland injuries, and (3) a total disability rating based on his unemployability. In addition, he argued that if the Veterans Administration had properly evaluated his injuries in 1947 under the then-current 1945 diagnostic schedule, he would have been given a higher rating.

In September 1991, the Board denied the appeal. It determined that (1) service connection had not been shown for hepatitis and hypertension, (2) no residuals reasonably related to Mr. Brown's kidney and adrenal gland injuries had been demonstrated, and (3) the record did not support Mr. Brown's claim that his injuries rendered him unemployable. The Board noted Mr. Brown's contentions that the 1945 rating action improperly failed to include all his service-related disabilities, and that in 1981 the RO had assigned the wrong effective date for the disabilities that were held service connected at that time. The Board observed, however, that "[n]either of those issues has been developed for appellate consideration. Accordingly, they are not properly before the Board at this time, and are, therefore, referred to the originating agency for appropriate consideration."

Following that referral, the RO in November 1991 denied Mr. Brown's claim that he should have had a 100% disability rating as of 1945. Mr. Brown once again appealed to the Board. The Board denied his claim in April 1993, finding that, although the 1947 decision was in error by failing to acknowledge Mr. Brown's kidney, adrenal gland, and MG19 injuries, that decision did not constitute clear and unmistakable error because there was no evidence that could have supported a higher rating for those conditions than the 70% rating he had received as of 1946. On reconsideration, the Board in February 1994 accepted Mr. Brown's argument that the rating table applicable in July 1946 should be applied to his claim. Nonetheless, the Board ruled that, even if the RO had considered the kidney, adrenal gland, and MG19 injuries in the February 1947 rating action and had rated them under the then-applicable rating table, Mr. Brown would not have been awarded a combined rating greater than 70%. Mr. Brown then appealed to the Court of Ap-

peals for Veterans Claims, but the case was remanded to the Board upon joint motion of the parties and the February 1994 Board reconsideration decision was vacated. On remand, the Board obtained an independent medical expert opinion on Mr. Brown's kidney and adrenal gland injuries. In a February 1996 decision, the Board again found that the 1947 rating decision did not contain clear and unmistakable error, concluding that the evidence at the time of the 1947 RO determination failed to show any basis for increasing his rating for the three injuries under the 1945 rating schedule, which was applicable in February 1947.

Mr. Brown again appealed to the Court of Appeals for Veterans Claims, arguing that the Board had misapplied the 1945 schedule and therefore erred in concluding that the RO had not committed clear and unmistakable error in 1947. The court stated that it "believe[s] that the appellant makes a number of persuasive arguments that the 1947 RO decision (as modified by the 1985 RO decision) rated the appellant's disabilities improperly." Nonetheless, the court did not reach the merits of that claim. Instead, the court concluded that any rating error in the 1947 RO rating decision could not be the basis for a finding of clear and unmistakable error, because that decision was subsumed by the 1984 and 1991 Board decisions and could not be collaterally attacked in a further proceeding before the RO. Accordingly, the court denied relief and affirmed the Board's decision.

II

█ Under the regulatory scheme governing veterans' claims, a final decision denying benefits can be revised if it is shown to be the product of clear and unmistakable error. *See* 38 U.S.C. § 5109A(a); 38 C.F.R. § 3.105(a). A "clear and unmistakable error" challenge

to an RO determination may not be raised before the RO, however, if the Board of Veterans' Appeals has sustained the RO determination on the same issue. *See* 38 U.S.C. § 7104(b) (absent new and material evidence, "when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered"). The rationale for that rule is that it is improper for a lower tribunal (the RO) to review the decision of a higher tribunal (the Board of Veterans' Appeals). *See Smith v. Brown*, 35 F.3d 1516, 1526 (Fed.Cir.1994). Thus, when a veteran timely appeals an RO determination to the Board, and the Board affirms that determination, the RO determination is regarded as subsumed by the Board's decision. *See* 38 C.F.R. § 20.1104. In addition, a Board decision that considers a collateral attack on a final, unappealed RO determination can subsume that unappealed RO determination under certain circumstances. *See Dittrich v. West*, 163 F.3d 1349, 1352–53 (Fed.Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1499, 143 L.Ed.2d 653 (1999); *Donovan v. West*, 158 F.3d 1377, 1381–82 (Fed.Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1255, 143 L.Ed.2d 351 (1999). In a case in which the Board's decision subsumes an unappealed RO determination on collateral attack, the veteran may not challenge the original RO determination as containing clear and unmistakable error, but must proceed before the Board and urge that there was clear and unmistakable error in the Board decision that subsumed the unappealed RO determination. *See Dittrich*, 163 F.3d at 1353.

■ The Court of Appeals for Veterans Claims held that any alleged errors in the 1947 rating decision were subsumed by the Board decisions in 1984 and 1991. Because this appeal presents a question of law regarding the interaction of 38 U.S.C. § 7104(b) (the statute barring the reopening of claims disallowed by the Board), and 38 U.S.C. § 5109A (the statute governing claims of clear and unmistakable error in RO determinations), we have jurisdiction over the case. *See* 38 U.S.C. § 7292(a), (c). We hold that the 1984 and 1991 decisions of the Board did not subsume the 1947 RO rating decision insofar as Mr. Brown's instant claim is concerned.

This is not a case in which the substance of the challenge to the prior RO determination was rejected in an intervening decision of the Board of Veterans' Appeals. The Board in 1984 and 1991 did not decide the same claim that is now at issue— whether the residuals for Mr. Brown's kidney, adrenal gland, and MG19 injuries should have been evaluated under the rating table applicable in February 1947. For that reason, there has been no Board decision that subsumes the 1947 RO determination as to Mr. Brown's present claim.

In 1984, Mr. Brown argued to the Board that each of his three residual injuries was sufficiently disabling to warrant a higher disability rating than the RO had assigned. Mr. Brown did not at that time claim that the 1945 rating tables should be used to determine the proper rating of those injuries. Indeed, it was not until 1985 that the effective dates of the three injuries were made retroactive to 1946, and therefore the Board had no reason to consider any issue concerning the proper rating of Mr. Brown's injuries in 1947. Thus, Mr. Brown's present claim, which turns on evidence of the residuals of his kidney, adrenal gland, and MG19 injuries as of 1947, has a different factual basis from the claim that was decided by the Board in 1984.

Similarly, in 1991, the Board did not decide the issue that is the subject of Mr. Brown's current claim of clear and unmistakable error. In his 1991 appeal to the Board, Mr. Brown raised a number of issues, one of which was his current claim that all of his injuries should have been

evaluated under the 1945 table that was applicable in February 1947. The Board in 1991 addressed certain of Mr. Brown's claims, but not that one. In fact, the Board focused only on the recent evidence regarding his injuries. The Board further stated that it was not addressing certain of Mr. Brown's claims, but was referring them to the RO for further consideration. Although the Board did not explicitly include Mr. Brown's current claim among the claims it was not deciding in 1991, it is telling that the Board subsequently considered and decided that claim in its 1994 and 1996 decisions. It was then that the Board first rated the residuals of Mr. Brown's kidney, adrenal gland, and MG19 injuries under the 1945 rating schedule and determined that no clear and unmistakable error existed in the 1947 rating of 70%. In light of that sequence of events, we disagree with the government that the Board's decision in 1991 had the effect of denying Mr. Brown's present claim.

The recent decisions of this court in *Donovan* and *Dittrich* do not support the decision of the Court of Appeals for Veterans Claims in this case. In each of those cases, the Board of Veterans' Appeals made a determination that the veteran was not entitled to benefits as of a particular date. In each case, the court held that a prior RO determination was not subject to later challenge as clear and unmistakable error, because that challenge was flatly inconsistent with an intervening decision by the Board. In *Donovan*, the Board conducted a *de novo* review of the record before the RO and determined that the RO's rating decision was not in error. As this court explained in *Donovan*, that was "precisely the issue that Donovan now seeks to litigate in the present case." *Donovan*, 158 F.3d at 1381. Likewise, in *Dittrich*, the Board conducted a full review of the evidence that had previously been before the RO and held that the RO had correctly denied Mr. Dittrich's claim; for that reason, Mr. Dittrich was not permitted to prosecute a collateral attack on the Board's decision by arguing to the RO that the earlier RO determination, with which the Board had concurred, constituted clear and unmistakable error.

Here, as we have noted, the Board did not address, in either 1984 or 1991, the question whether the RO correctly rated Mr. Brown's injuries under the 1945 rating schedule. The 1984 and 1991 Board decisions therefore did not subsume the 1947 RO determination for purposes of the clear and unmistakable error claim that Mr. Brown is now pressing. For that reason, we conclude that the Court of Appeals for Veterans Claims erred in holding that Mr. Brown is foreclosed from raising that claim in the current proceeding.

*VACATED and REMANDED.*