# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-2880

NICOLO J. PORRIELLO, APPELLANT,

V.

DAVID J. SHULKIN, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided March 12, 2018)

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the brief for the appellant.

*Meghan Flanz*, Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; *James B. Cowden*, Deputy Chief Counsel; and *Nicholas R. Esterman*, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge*, and BARTLEY and MEREDITH, *Judges*:

DAVIS, *Chief Judge*: U.S. Army veteran Nicolo J. Porriello appeals through counsel an April 29, 2016, decision of the Board of Veterans' Appeals (Board) that dismissed an appeal from the denial of a request to revise previous rating decisions on the basis of clear and unmistakable error (CUE). This case was referred to panel because the case requires the Court to apply an established rule of law to novel facts involving the jurisdiction of three appellate tribunals: The Board, this Court, and the United States Court of Appeals for the Federal Circuit (Federal Circuit). *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). Because the Court concludes that the Board properly dismissed the appeal, the Court will affirm the April 2016 Board decision.

## I. BACKGROUND

Mr. Porriello served honorably from September 1959 to February 1961. Record (R.) at 357. His entrance examination noted no preexisting condition pertinent to the matter on appeal. Approximately 14 months into his period of service, however, he began experiencing diarrhea with bloody stools, for which he was hospitalized from September to November 1960. R. at 104 (May

2013 request for revision on the basis of CUE).[1]  Apparently during his hospital stay he recounted that before he enlisted a treating physician made a statement that he had "colitis."  *Id.*  The hospital discharge summary stated an impression of ulcerative colitis, but did not render a diagnosis.  R. at 105.  Mr. Porriello's condition markedly improved with treatment and he desired to continue his military career.  *Id*.

A January 1961 Medical Board, however, conducted an examination that produced a diagnosis of ulcerative colitis.  R. at 105.  The report stated that the onset of the condition did not occur in the line of duty and that the condition preexisted service.  R. at 145 (2008 Board decision).  The Medical Board recommended separation from service, which was effected on February 3, 1961.  R. at 90, 106.

On February 10, 1961, Mr. Porriello filed an application for service connection of his ulcerative colitis.  R. at 533-34.  This claim was denied in a March 1961 rating decision.  R. at 478-79.  The rating decision stated that Mr. Porriello "gave a history of having been under treatment for *ulcerative colitis* prior to service."  R. at 479 (emphasis added).  The rating decision denied the claim on the basis that the condition preexisted service and was not aggravated in service, asserting that the in-service symptoms were due to the natural progression of the condition.  *Id.*  The decision further asserted that, because the symptoms greatly improved with treatment, they did not constitute a permanent worsening of the preexisting condition.  *Id.*

A subsequent rating decision, in July 1961, continued to deny service connection.  After Mr. Porriello submitted new evidence, the July 1961 decision continued the denial on essentially the same grounds as the March 1961 rating decision.  R. at 473.  This second rating decision discussed the new evidence, a statement of a private physician to the effect that, although Mr. Porriello's symptoms, including diarrhea, preceded enlistment, no diagnosis of ulcerative colitis was made at any time prior to the Medical Board report.  *Id.*  The rating decision further stated that the private physician opined that the condition would not have progressed to a disability but for Mr. Porriello's service experience.  *Id.*  Mr. Porriello did not perfect an appeal from the July 1961 rating decision and it became final.  After undergoing surgery in October 1967 for his ulcerative colitis, Mr. Porriello again sought service connection, which was denied in a June 1968 rating decision.  R. at 450.  This decision stated that Mr. Porriello's condition in 1967 did not alter the

---

[1] The primary documents describing the events recounted in these first two paragraphs are not in the record of proceedings.  The facts stated are assembled from secondary documents and briefs; they are undisputed.

basis for the previous denials and that these decisions could be challenged only on the basis of CUE. *Id.*

A January 2005 rating decision granted service connection for ulcerative colitis with ileostomy on the basis of a second letter from the private physician and a supportive VA medical opinion. R. at 369-71. The condition was rated 100% disabling with an effective date of June 4, 2004. R. at 369.

In February 2005, Mr. Porriello submitted a statement in support of claim that read, in relevant part: "I believe you erroneously denied my claim some 40 [years] ago. I feel that the effective date to when I first filed the claim should be established." R. at 349.

In an October 2005 letter, a representative of the Disabled American Veterans (DAV) characterized Mr. Porriello's February 2005 statement as a Notice of Disagreement (NOD), but withdrew on his behalf the purported appeal from the January 2005 rating decision. R. at 255. Instead, the letter stated that Mr. Porriello had asserted CUE in the June 1968 rating decision and asked that this issue be addressed. *Id.* This DAV letter did not mention the 1961 rating decisions or describe any particular theory of CUE. *See id.*

VA then issued a March 2006 rating decision stating that "[e]ntitlement to an earlier effective date of service connection for ulcerative colitis with ileostomy is not shown due to [CUE]." R. at 235. The rating decision addressed no specific theory of CUE, stating only that "[t]he original rating[s] of 03/08/1961 and 07/24/1961 denied you service connection using the evidence of record, VA laws and the rules then in effect." R. at 236. Mr. Porriello then filed an NOD to the March 2006 rating decision. R. at 214.

An April 2006 Statement of the Case (SOC) stated that Mr. Porriello had "provided no rationale to support this contention [of CUE]." R. at 182. The SOC noted that if a claimant fails to raise a theory of CUE with the necessary specificity there is no requirement to address the merits of the issue. R. at 183. Nevertheless, the SOC concluded that "[n]o [CUE] is shown in denials of service connection in 1961 and 1968." R. at 184.

Mr. Porriello formalized his appeal in April 2006. R. at 179-80. The Form 9 outlined no specific theory of CUE, but referenced documents reiterating that Mr. Porriello's entrance examination showed no evidence of colitis and asserted that emotional strain in service caused the onset of the ulcerative colitis. *Id.*

In June 2006, a DAV representative submitted a statement of issues on appeal. R. at 177-78. This document stated the issue as "[w]hether a clear and unmistakable error exist[s] in a *March 1961* rating decision for failure to grant service connection for ulcerative colitis." R. at 177 (emphasis added).

In the June 2006 statement, the DAV representative described a specific theory of CUE for the first time. He pointed to the statement of the private physician that discussed Mr. Porriello's preservice symptoms and rendered a diagnosis of *mucous colitis*, which the DAV representative asserted to be a medical condition distinctly different from ulcerative colitis. R. at 177-78. The representative pointed out that ulcerative colitis was not diagnosed until approximately 1 year into Mr. Porriello's period of service. *Id.* The DAV representative described the error in the 1961 rating decisions as accepting Mr. Porriello's "statement of . . . ulcerative colitis" as sufficient to overcome the presumption of soundness. R. at 177. The DAV representative further stated that the 1968 rating decision "compounded this error" by ignoring the evidence from the private physician. R. at 178. These arguments were formalized and reiterated in an April 2008 brief to the Board. *See* R. at 151-53.

A May 2008 Board decision addressed this theory of CUE but found that "[t]he prior denials of service connection for ulcerative colitis were supported by the evidence then of record, as well as the law in effect at that time." R. at 141. The Board stated:

> [A]fter review of these [rating] decisions, the Board notes that the denials of the claim in rating decisions in 1961, based on the fact that the preexisting disorder was not aggravated during service, is not necessarily an improper conclusion based on the evidence of record at that time. In addition, it has been held that even where the premise of an error is accepted (the veteran's relating a history of [preservice] ulcerative colitis rather than the condition of mucous colitis) if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, CUE. Also, it is not shown that Dr. A.A.'s opinion was ignored. His opinion was noted in detail in the 1968 rating decision. It was determined that his opinion did not show that the veteran's preexisting condition was not aggravated during service [sic]. It was noted that Dr. A.A. admitted that the veteran had been suffering from diarrhea prior to service. It is further noted that the medical board in service found that the colitis [preexisted] service and was not aggravated during service. Thus[,] there was some support for the initial holding.

R. at 145-46 (citations omitted). The Board concluded that the allegation of CUE amounted to a challenge as to how the evidence was weighed. R. at 146.

Mr. Porriello appealed the May 2008 Board decision to this Court with some involvement of his present counsel.[2] *See Porriello v. Shinseki*, No. 08-2731, 2010 WL 5158404 (U.S. Vet. App. Dec. 14, 2010). In his briefs, he argued generally that the March 1961 rating decision had improperly applied both the presumption of soundness and the presumption of aggravation. *Id.* at *1. In a single-judge decision, the Court affirmed the May 2008 Board decision. *Id.* at *1-4. The Court stated that even assuming there was error in accepting Mr. Porriello's statement on preservice diagnosis, whether a different result would have ensued was not absolutely clear. *Id.* at *2. As to the presumption of aggravation, the Court found that the evidence of record in 1961 did not clearly establish that Mr. Porriello's colitis permanently worsened. *Id.* at *3. On appeal, the Federal Circuit affirmed the Court's decision without comment. *See Porriello v. Shinseki*, No. 2011-7161, 489 F. App'x. 468, 2013 WL 152640, at *1 (Fed. Cir. Jan. 15, 2013) (per curiam).[3]

In May 2013, Mr. Porriello filed, through his present counsel, a request for revision of the March 1961 rating decision on the basis of CUE. R. at 103-08. The request generally argued that the rating decision improperly applied the presumption of soundness. R. at 107-08. A January 2014 rating decision denied this request on the basis that the May 2008 Board decision had already considered the application of the presumption of soundness. R. at 90-91.[4] In July 2014, Mr. Porriello filed an NOD in which he contended that his May 2013 request was the first time he had asserted CUE in the March 1961 rating decision. R. at 81-85. A July 2015 SOC upheld the denial based on the May 2008 Board decision. R. at 58-70.

In an August 2015 formal appeal (Form 9), Mr. Porriello argued that his February 2005 statement did not present a specific allegation of CUE, and, therefore, the construed motion for revision on the basis of CUE should have been dismissed. R. at 17-22. He concluded that the portion of the May 2008 Board decision addressing the presumption of soundness was "of no moment." R. at 20-21.

---

[2] The briefs in case No. 08-2731 were filed by Jeany C. Mark, Esq. Attorney Carpenter, the appellant's counsel in the present appeal, was listed on the Court's docket as co-counsel in the 2008 appeal, and filed a motion for reconsideration and in the alternative for panel consideration of the Court's single-judge decision. A panel of the Court denied the motion for panel consideration.

[3] The briefs in the Federal Circuit appeal were filed by attorney Carpenter, the appellant's counsel in this appeal.

[4] The Court notes that the January 2014 rating decision in the record reflects that the Board's decision is dated May 9, 2013. R. at 91. This is a typographical error.

In the decision here on appeal, the Board noted this argument, but stated only that it "lack[ed] jurisdiction . . . to address the [appellant]'s assertions to the extent that they include charges of error in another Board decision." R. at 4, 7.[5] The Board reiterated that the May 2008 Board decision had considered the presumption of soundness, and concluded that the 1961 and 1968 rating decisions were subsumed by the 2008 Board decision. R. at 4. The Board further noted that the doctrine of res judicata prevented it from considering the same allegation of CUE considered by the 2008 Board. R. at 7. The Board dismissed the appeal for lack of a case or controversy, R. at 4, 7, and this appeal to the Court ensued.

## II. ANALYSIS

### A. Parties' Arguments

Mr. Porriello argues that the May 2008 Board lacked subject matter jurisdiction to consider any allegation of CUE in the 1961 and 1968 rating decisions because he never presented any specific allegation of CUE at the outset of proceedings leading to that decision. Appellant's Br. at 7-10; *see Pierce v. Principi*, 240 F.3d 1348, 1355 (Fed. Cir. 2001) (claimant must describe the alleged error "'with some degree of specificity'" (quoting *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993))). He essentially argues that the arguments presented to the May 2008 Board by the DAV representative were of no effect because "those allegations of [CUE] had not been presented to and adjudicated by the agency of original jurisdiction." Appellant's Br. at 7-8; *see Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006) (en banc) ("[N]othing in an NOD could confer jurisdiction upon the Board over a claim that was never presented to and adjudicated by the [regional office (RO)] because there is no decision on such a newly raised claim to appeal to the Board").

Mr. Porriello asserts that the May 2008 Board should have dismissed the appeal and, having failed to do so, its decision is "a nullity at law." Appellant's Br. at 9; *see Simmons v. Principi*, 17 Vet.App. 104, 114 (2003); 38 C.F.R. § 20.1404(b) (2017). He concludes that the May 2008 Board decision could not have subsumed the 1961 and 1968 rating decisions because the Board lacked jurisdiction. *Id.* at 9; *see* 38 C.F.R. § 20.1104 (2017). He further asserts that "neither

---

[5] As the Secretary has acknowledged, the Board erroneously stated that Mr. Porriello did not appeal the May 2008 Board decision. R. at 4; *see* Secretary's Brief (Br.) at 6. That error played no part in the Court's disposition of this appeal. The 2008 Board decision is final because it was upheld in two appeals, not because it was unappealed, as the Board stated. The issue in this appeal is not finality, however, but validity.

this Court nor the Federal Circuit had jurisdiction to review and affirm the Board's 2008 decision." Reply Br. at 4; *see* Appellant's Br. at 9.

The Secretary argues first that the Court is without power to address the Federal Circuit's implicit finding of jurisdiction because such an action would be a violation of the law of the case. Secretary's Br. at 9-10; *see Chisem v. Brown*, 8 Vet.App. 374, 376 (1995) ("Where there is doubt as to the correctness of the law of the case as established on appeal, usually any such arguments should be addressed to the appellate court in a petition for rehearing or by motion for recall of the mandate . . . .") (citing *Ulmet v. United States*, 17 Cl.Ct. 679, 690-91 (1989)). He concludes that the remedy Mr. Porriello seeks must be pursued at the Federal Circuit. Secretary's Br. at 10.

Additionally, the Secretary argues that Mr. Porriello's request for revision on the basis of CUE is precluded by the doctrine of res judicata. Secretary's Br. at 10-11. Specifically, he argues that all elements for application of claim preclusion have been met as a result of the decision of the May 2008 Board, which this Court and the Federal Circuit affirmed. *Id.* at 11-14; *see Bissonnette v. Principi*, 18 Vet.App. 105, 110 (2004) (outlining four requirements for application of claim preclusion: (1) Previous decision was a valid and final judgment, (2) later action must involve the same claim, (3) decision on the original action must have been on the merits, and (4) the same parties must be involved). Claim preclusion applies not only to issues raised in the original suit, but also to issues that might have been raised. *Bissonnette*, 18 Vet.App. at 111 (citing *Hamilton v. Brown*, 4 Vet.App. 528, 539 (1993) (en banc)).

Mr. Porriello responds that the Secretary's arguments invite the Court to affirm the Board decision on a basis different than that of the Board decision. Reply Br. at 1-2. He argues that the Board dismissed the appeal based not on res judicata, but on the basis that the 1961 and 1968 rating decisions were subsumed in the May 2008 Board decision. *Id.* at 2.

### B. Collateral Attacks on Jurisdiction and Res Judicata

Essentially, Mr. Porriello argues that the Board's 2008 decision and the two court decisions upholding that decision are invalid because the Board lacked jurisdiction to consider CUE in the first instance. *See Pierce*, 240 F.3d at 1355; *Jarrell*, 20 Vet.App. at 331. The Secretary's counterarguments assume the validity of the court decisions, which Mr. Porriello disputes on the basis the Board lacked jurisdiction to render its 2008 decision. *See* Appellant's Br. at 10; Reply Br. at 4-5.

7

As an original matter, Mr. Porriello's jurisdictional arguments might have force and weight. *See Dover v. McDonald*, 818 F.3d 1316, 1317 (Fed. Cir. 2016) (appellant argued and Secretary conceded that the Board erred in failing to dismiss a nonspecific CUE claim). Not only was there no specific allegation of CUE in Mr. Porriello's February 2005 statement, but the May 2008 Board's jurisdiction over the 1961 rating decisions is also murky at best. Initially, the DAV representative stated only that Mr. Porriello's February 2005 statement asserted CUE in the 1968 rating decision; it is not clear how the 2008 Board would have acquired jurisdiction to consider CUE in the 1961 rating decisions.

The time for raising such jurisdictional objections, however, has passed. "A litigant . . . may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). "Even subject matter jurisdiction, however, may not be attacked collaterally." *Id*. n.9. "[T]he need for finality forbids a court called upon to enforce a final order to 'tunnel back . . . for the purpose of reassessing prior jurisdiction de novo.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 154 (2009) (quoting *In re Optical Techs., Inc.* 425 F.3d 1294, 1308 (11th Cir. 2005)); *see Ins. Corp of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment"); *Gonzalez v. Dep't. of Transp.*, 551 F.3d 1372, 1379 (Fed. Cir. 2009) ("In most circumstances a party may not collaterally attack a final judgment on the ground that subject matter jurisdiction was lacking in the original action, even if the issue of subject matter jurisdiction was not litigated before.").[6] In addition,

> [t]he lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.

---

[6] The Court notes that the *Restatement (Second) of Judgments* § 12 (1982) sets forth three extraordinary circumstances in which a court may revisit the issue of jurisdiction in a prior court decision. It is not clear, however, that either this Court or the Federal Circuit has adopted the position of the *Restatement*, and in any event, Mr. Porriello has not argued that any of the exceptions apply to him.

*Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (need for finality in litigation justifies a rule against collateral attacks on subject matter jurisdiction).

Mr. Porriello had the opportunity to raise the jurisdictional issue in his appeal of the May 2008 Board decision, both to this Court and to the Federal Circuit. He did not raise any such jurisdictional challenge, either in his briefs to this Court or in his briefs to the Federal Circuit.[7] Caselaw uniformly provides that he may not attack the jurisdiction of the 2008 Board, or of this Court, or of the Federal Circuit, collaterally. *See Travelers Indem.*, 557 U.S. at 154; *Kontrick*, 540 U.S. at 455; *Willy*, 503 U.S. at 137; *Ins. Corp. of Ir.*, 456 U.S. at 702 n.9; *Chicot Cty. Drainage Dist.*, 308 U.S. at 376; *Gonzalez*, 551 F.3d at 1379. The Court concludes that the 2008 Board decision and the decisions of this Court and the Federal Circuit are valid as well as final.

Turning to the decision here on appeal, the Board concluded that the 1961 and 1968 RO decisions were subsumed by the May 2008 Board decision. R. at 7. However, this determination is erroneous. Caselaw has not established whether a Board decision on a CUE motion can in these circumstances effect delayed subsuming. The legal issue involved in the 1961 and 1968 RO decisions—service connection for ulcerative colitis—is entirely different from that involved in the 2008 Board, 2010 Court, and 2013 Federal Circuit decisions—whether there was CUE in those earlier RO decisions. *See Manning v. Principi*, 16 Vet.App. 534, 541 (2002) (explaining that "a later [Board] decision's delayed subsuming of an RO decision occurs only where the Board decided the same issue that the RO decided and where the RO decision and [Board] review were based on the same factual basis" (citing *Brown v. West*, 203 F.3d 1378, 1381-82 (Fed. Cir. 2000)). Moreover, the 2008 Board applied a wholly different standard of review in deciding the CUE challenge than it would have if it had reviewed the underlying RO decisions on the merits. *See Donovan v. Gober*, 10 Vet.App. 404, 408-09 (1997) (delayed subsuming resulted where the Board reopened a claim and reviewed the entire evidence before the RO on the merits); *Morris v. West*, 13 Vet.App. 94, 96 (1999) (Board decision subsumed RO decision even though the Board did not formally reopen the claim because the Board "addressed all the evidence of record and made, essentially, a merits determination"). Additionally, if, as the Board found here, the 2008 Board decision on one CUE theory could prevent further CUE allegations against those RO decisions

---

[7] *See* 2011 WL 5997364 (Appellant's Br. to Federal Circuit); 2012 WL 1548675 (Reply Br. to Federal Circuit).

that denied entitlement to service connection by entirely subsuming those decisions, it would be contrary to caselaw providing that a determination on one specific allegation of CUE as to an RO decision does not prevent a claimant from raising a different CUE theory as to that decision. *See Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002). Nevertheless, as discussed below, because the Board is correct in its additional conclusion that "*res judicata* prevents the Board from considering the [CUE] allegation again," R. at 7, its erroneous conclusion as to subsuming is harmless.

"Whether, based on the facts of the case, a claim is barred by the doctrine of res judicata is a question of law that [appellate courts] review *de novo*." *United Techs. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1342-43 (Fed. Cir. 1999). Here, all the requirements for the application of res judicata are met. *See Bissonnette*, 18 Vet.App. at 111. As discussed above, Mr. Porriello's failure to raise any jurisdictional challenge on direct appeal means that the decisions of the Board, this Court, and the Federal Circuit are both final *and valid*. The action before the Board in the matter here on appeal involved an assertion of CUE in the 1961 RO decision made in pursuit of an earlier effective date for service connection for the same ulcerative colitis claim that the May 2008 Board decision considered and this Court and the Federal Circuit affirmed. Moreover, the allegations of CUE are substantively the same. *Compare* R. at 6 (2016 Board decision ("[Mr. Porriello]'s allegation of [CUE] is the VA's failure in its March 8, 1961, rating decision to consider and apply the provisions of 38 U.S.C. § 1111. . . .")) *with* R. at 145 (2008 Board decision ("The error, according to the representative, is accepting the veteran's statement of [preservice] history of this condition as sufficient to overcome the presumption of soundness standard of clear and convincing proof.")). Clearly, the 2008 Board decision, which this Court and the Federal Circuit upheld, was on the merits and the parties are the same.

Thus, the doctrine of res judicata precludes raising the same CUE theory again. Consequently, the Board was correct in dismissing the appeal of the CUE motion. *See Olson v. Brown*, 5 Vet.App. 430, 433 (1993) ("Once there is a final decision *on a particular claim* of CUE, *that particular claim* of CUE may not be raised again; it is res judicata."). The Court rejects Mr. Porriello's contention that affirming on the basis of res judicata results in an affirmance on a basis other than that found by the Board. Rather, the Court first rejects a collateral attack on the jurisdiction of the 2008 Board, as affirmed by two court decisions, and affirms the April 2016 Board decision on the basis of an alternative determination of the Board.

**III. CONCLUSION**

On consideration of the foregoing, the April 29, 2016, Board decision is AFFIRMED.