NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SAMUEL C. COCO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1743

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7641, Senior Judge William A. Moorman, Judge Grant Jaquith, Judge Joseph L. Toth.

_____

Decided: November 9, 2023

_____

SAMUEL C. COCO, University City, TX, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

_____

Before LOURIE, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Samuel Coco, a pro se veteran, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board of Veterans' Appeals' finding of no clear and unmistakable error in a rating decision denying Mr. Coco's service-connection claim for tinnitus. Because we lack jurisdiction to decide the issues that Mr. Coco raises, we dismiss his appeal.

BACKGROUND

Mr. Coco served in the United States Air Force from May 1980 to May 2000 as an aerospace ground equipment craftsman. *Coco v. McDonough*, No. 20-7641, 2021 WL 6143647, at *1 (Vet. App. Dec. 30, 2021) ("*Decision*"). In December 2003, Mr. Coco filed a claim seeking service connection for tinnitus. *Id.* In a June 2004 rating decision, the regional office denied his claim because there was no in-service treatment record for tinnitus. *Id.* Mr. Coco did not file an appeal challenging that denial. *Id.*

In February 2011, Mr. Coco filed another service-connection claim for tinnitus. *Id.* In support, he submitted a letter from his private physician. *Id.* After conducting an examination, an examiner of the United States Department of Veterans Affairs ("VA") diagnosed Mr. Coco with hearing loss and tinnitus. *Id.* The VA examiner opined that Mr. Coco's tinnitus condition was at least as likely as not related to his in-service noise exposure. *Id.* Accordingly, the regional office awarded Mr. Coco service connection for tinnitus, effective from February 2011. *Id.*

In 2012, Mr. Coco challenged the February 2011 effective date for tinnitus as well as the June 2004 rating decision denying his service-connection claim, contending that the June 2004 decision contained clear and unmistakable error ("CUE"). *Id.* at *2. His CUE claim was referred to

the regional office, which found no CUE. *Id.* In a March 2019 decision, the Board of Veterans' Appeals ("Board") concluded the same. *Id.* In reaching that conclusion, the Board stated that the record at the time of the June 2004 rating decision was devoid of a tinnitus condition. *Id.*

On appeal, the Veterans Court determined that the Board erroneously stated that the treatment records were devoid of tinnitus. *Id.* at *2. The Veterans Court pointed out that the record documented a March 1994 examination where Mr. Coco stated he would experience ringing in his ears "when [it was] real quiet." *Id.* at *1, *2. The Veterans Court thus remanded Mr. Coco's CUE claim to the Board for readjudication.[1] *Id.* at *2.

On remand, after examining conflicting evidence in the record, the Board again found no CUE in the June 2004 rating decision. *Id.* at *3–4. The Board took into account the 1994 examination indicating Mr. Coco experienced ringing in ears, as well as Mr. Coco's lay statements that he believed he experienced tinnitus during service. *Id.* at *3. The Board also considered the remainder of the contemporaneous records, including every subsequent in-service examination where Mr. Coco denied hearing ringing in his ears. *Id.* Weighing the conflicting evidence, the Board concluded that reasonable minds could have differed as to whether the record evidenced an in-service onset for

---

[1] The Veterans Court also addressed several other claims Mr. Coco raised, including his claim for a higher rating for tinnitus, and his service-connection claim for Meniere's disease. *Decision*, at *2. The Veterans Court affirmed the Board's denial of Mr. Coco's claim for a higher rating for tinnitus because he had already received the maximum disability rating allowed for that condition. *Id.* As to his Meniere's disease claim, the Veterans Court explained that because the Board had remanded that claim, it was not properly before the Veterans Court. *Id.*

Mr. Coco's tinnitus condition, and as such, the record did not support a finding of CUE. *Id.* at \*3–4.

Mr. Coco again appealed to the Veterans Court. The Veterans Court affirmed the Board's no-CUE finding. *Id.* at \*5. The Veterans Court explained that, given the conflicting evidence, the Board "plausibly found that reasonable minds could have differed as to whether the appellant suffered from chronic tinnitus in service." *Id.* at \*4. The Veterans Court declined to reach the other matters Mr. Coco raised, including his claims for service connection for Meniere's disease and increased disability ratings for various conditions. *Id.* The Veterans Court explained that it lacked jurisdiction over those matters because they were not addressed by the underlying Board's decision. *Id.*

This appeal followed.

## STANDARD OF REVIEW

Our jurisdiction in cases from the Veterans Court is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "Although the veterans benefits adjudication system is nonadversarial and paternalistic," to move forward with a claim for benefits, the veteran bears the ultimate burden to show jurisdiction. *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) (citations omitted).

## DISCUSSION

On appeal, Mr. Coco raises three issues. He primarily takes issue with the Veterans Court's affirmance of the Board's finding of no CUE in the June 2004 rating decision. *See* Appellant Informal Br. 1–2; *see also* Reply Br. 2–4. Mr. Coco's briefing also references several claims the

Veterans Court declined to address for lack of jurisdiction. Appellant Informal Br. 1–2. Lastly, Mr. Coco characterizes his arguments as constitutional violations. *Id.* We address each issue in turn.

First, Mr. Coco's CUE argument reduces to a factual challenge that falls outside of our jurisdiction. Mr. Coco disagrees with the Board's no-CUE finding on remand from the Veterans Court. According to Mr. Coco, the Veterans Court's affirmance of the Board's no-CUE finding was "contrary" to its previous remand decision. *See id.* at 2; *see also* Reply Br. at 3. We disagree.

A remand from the Veterans Court does not equate to a mandate that the Board must reach a contrary conclusion. To constitute CUE, an alleged error made by the agency must have been "outcome determinative." *Natali v. Principi*, 375 F.3d 1375, 1382 (Fed. Cir. 2004) (citations omitted). In other words, the error must have been the type "that would manifestly change the outcome of a prior decision." *Id.* (citation omitted). On remand from the Veterans Court, the Board considered the 1994 examination referencing ringing in the ears, which was the key contradictory evidence resulting in the remand. The Board accounted for that evidence, as well as Mr. Coco's lay testimony, but found them insufficient to support a finding of CUE given contrary evidence in the record. *See Decision*, at *3–4. Applying the correct legal standard, the Board determined that the record at the time of the June 2004 rating decision, considered as a whole, did not support finding that any outcome-determinative error had been made by the agency in its rating decision.

Although Mr. Coco disagrees with the Board's no-CUE conclusion, he does not identify any legal error in the Board's or the Veterans Court's decision. Nor does his claim involve the Veterans Court's interpretation of a

statute.[2]  His contention requires this court to entertain a challenge to a factual determination and how the Board applied established law to facts.  Such a challenge, however, falls outside of this court's jurisdiction.  *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute precludes appellate review of factual matters and the application of law to facts."); *see also* 38 U.S.C. § 7292(d)(2).

Second, we reject Mr. Coco's attempt to reassert on appeal his claims that the Veterans Court declined to address for lack of jurisdiction.  *See* Appellant Informal Br. 2 (referencing his claims to service connection for Meniere's syndrome and higher disability rating for various conditions).  The Veterans Court is statutorily prohibited from "making factual findings in the first instance" or adjudicating claims that the Board's decision did not address.  *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002) (citation omitted).  As the Veterans Court explained, its jurisdiction was "limited to review of final Board decisions" and the Board's decision on appeal only addressed Mr. Coco's CUE claim, not

---

[2]  Mr. Coco's citation to *Dittrich v. West*, 163 F.3d 1349 (Fed. Cir. 1998) is unavailing.  Mr. Coco appears to rely on this case for the proposition that the law does not "authorize a regional office to review collaterally an earlier Board decision on the same operative facts."  Reply Br. 4.  In *Dittrich*, this court discussed a then-recent change in the law and explained that it allows "only the Board itself, not a regional office, to conduct CUE review of its prior decisions."  *Dittrich*, 163 F.3d at 1352–53; *id.* at 1353 ("Nothing in title 38 or elsewhere authorizes a regional office to review decisions of the Board.").  Here, on remand from the Veterans Court, it was *the Board* that conducted CUE review of its prior decision, not the regional office.  We discern no conflict with the law, and Mr. Coco does not identify any.

COCO v. MCDONOUGH                                                    7

the other claims. *Decision*, at *4. We discern no error in the Veterans Court's analysis that it lacked jurisdiction to consider those other claims.

Lastly, Mr. Coco's characterization of his arguments as constitutional does not cure the jurisdictional deficiency. Mr. Coco's informal briefing alleges the Veterans Court's decision is "contrary [to] Article III of the U.S. Constitution." Appellant Informal Br. 1–2. Even liberally construed, as we read pro se filings like this, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Mr. Coco merely labels his contentions as constitutional and does not raise any discrete constitutional issue. However, labeling an issue as constitutional "does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

## CONCLUSION

We have considered Mr. Coco's remaining arguments and find them unpersuasive. Accordingly, the appeal is dismissed for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.